**Rene ESCOCHEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–761–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 17, 2004.

Grant Jones, Corpus Christi, for appellant.

Carlos Valdez, Nueces County District Attorney, Corpus Christi, for the State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Rene Escochea appeals his conviction for attempted sexual assault, a third-degree felony.[1] Escochea pleaded guilty pursuant to an agreed punishment recommendation. On October 9, 2001, the trial court honored the plea agreement and sentenced him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We conclude that Escochea's appeal is frivolous and without merit. We dismiss.

### I. BACKGROUND

On October 19, 2001, Escochea filed a pro se letter with the trial court complaining of his trial counsel's representation. Construing the letter as a motion, on October 25, 2001 the trial court denied Escochea permission to appeal. The trial court permitted Escochea's trial counsel to withdraw and appointed appellate counsel for him. Escochea's appellate counsel filed a brief in which counsel concludes that the appeal is frivolous because Escochea's general notice of appeal does not confer jurisdiction on this Court. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel did not have the benefit at the time he filed the *Anders* brief of the court of criminal appeals' decision in *Bayless v. State,* 91 S.W.3d 801 (Tex.Crim.App.2002). *Bayless* held that: (1) a timely general notice of appeal conferred jurisdiction on this Court; and (2) amendment of a timely filed notice of appeal was permitted any time before the defendant's brief was filed. *Bayless,* 91 S.W.3d at 803 n. 2.

Thus, Escochea's timely notice of appeal generally asserting his desire to appeal invoked our jurisdiction. *See id.* The rules of appellate procedure governing

---

1. TEX. PEN.CODE ANN. §§ 15.01(a),(d), 22.011(a)(1)(A)(Vernon 2003 & Supp.2004).

how appeals proceed in criminal cases were amended effective January 1, 2003. This Court applies those amended rules of appellate procedure to all cases on appeal on the effective date of the amendments. *See, e.g., Chavez v. State,* Nos. 13–03–174–CR & 13–03–175–CR, 139 S.W.3d 43, 47, 2004 WL 1277974, at *1 (Tex.App.-Corpus Christi June 10, 2004, no pet. h.). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Escochea's right to appeal (a "CORTA"). *See* TEX. R.APP. P. 25.2(a)(2). On August 20, 2003, the trial court filed a CORTA stating that this is a plea-bargain case, and Escochea has no right of appeal. On filing of the CORTA, we reinstated the case.

However, counsel's *Anders* brief did not recite that he notified Escochea of Escochea's right to review the appellate record to determine what issues to raise in a prospective pro se brief. *See Johnson v. State,* 885 S.W.2d 641, 646–47 (Tex.App.-Waco 1994, pet. ref'd) (per curiam). Therefore, on January 5, 2004, we again abated this appeal and ordered counsel to provide the record to Escochea. *See McMahon v. State,* 529 S.W.2d 771, 772 (Tex.Crim.App.1975) (abating appeal and ordering *Anders* counsel to inform appellant of right to review record and file pro se brief). On February 10, 2004, we received a letter from counsel indicating compliance with our order. More than thirty days have elapsed since the date of counsel's letter. Escochea has not filed a pro se brief.

■ Rule 25.2(d) provides that we must dismiss an appeal if the CORTA does not show that the appellant has the right of appeal. TEX.R.APP. P. 25.2(d). Howev-

er, this Court, on receipt of a "frivolous appeal" brief, must perform an independent review of the record to determine any grounds for appeal. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (citing *Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396). A CORTA showing no right to appeal does not eliminate our duty to perform an independent review of the record on receipt of an *Anders* brief. *Chavez,* 139 S.W.3d at 43, 2004 WL 1277974, at *1. We note that Escochea executed a waiver of his right to appeal when he pleaded guilty to the offense. Accordingly, we first examine the scope of our duty to review the record independently in an *Anders* case in which: (1) the appellant executed a waiver of the right to appeal; and (2) the trial court has certified that the appellant has no right of appeal.[2]

## II. SCOPE OF INDEPENDENT *ANDERS* REVIEW

■ The legislative grant of procedural rule-making authority to the court of criminal appeals is not unlimited: "The court of criminal appeals is granted rule making power to promulgate rules of post-trial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." *See* TEX. GOV'T CODE ANN. § 22.108(a) (Vernon Supp.2004); *Shankle v. State,* 119 S.W.3d 808, 812 (Tex. Crim.App.2003). In fact, the court of criminal appeals has specifically stated that a plea-bargaining defendant's right to appeal may not be abridged, enlarged, or modified by appellate rule 25.2. *See Shankle,* 119 S.W.3d at 812. Accordingly, rule 25.2 certification issues should not affect an appellant's substantive rights. Further, we conclude that the validity of a

---

**2.** For our disposition of an *Anders* appeal in which the appellant did not execute a waiver of the right to appeal, see *Chavez v. State,* Nos. 13–03–174–CR & 13–03–175–CR, 139 S.W.3d 43, 2004 WL 1277974 (Tex.App.-Corpus Christi June 10, 2004, no pet. h.).

written waiver of the right to appeal is one of the substantive issues not affected by rule 25.2 certification issues. *See Perez v. State*, 129 S.W.3d 282, 287–88 (Tex.App.-Corpus Christi 2004, no pet. h.) (discussing validity of written waiver of right to appeal).

Indigent defendants have a constitutional right to representation on appeal. *See generally Douglas v. California*, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In *Anders*, the United States Supreme Court set up a "prophylactic framework" to protect the constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Under *Anders*, a state appellate court may not refuse to provide counsel to brief and argue an indigent criminal defendant's first appeal based on the appointed appellate attorney's conclusory statement that the case has no merit and does not warrant the filing of an appellate brief. *Penson*, 488 U.S. at 80, 109 S.Ct. 346 (citing *Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396). Rather, *Anders* mandates that appellate courts perform an independent review of the entire record to determine whether there are any arguable grounds that might support an appeal. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396; *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). An appeal is not frivolous if it presents issues that are "arguable on their merits." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. An appeal is "wholly frivolous" or "without merit" when it lacks "any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

A state's appellate procedures must "afford adequate and effective appellate review to indigent defendants." *Grif-*

*fin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956). An indigent must receive "substantial equality" compared to the legal assistance a defendant with paid counsel would receive, although "absolute equality" is not required. *Smith v. Robbins*, 528 U.S. 259, 277 n. 9, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Accordingly, in cases where the CORTA shows no right to appeal, but an *Anders* brief has been filed, we still must perform an independent review of the record as mandated by *Anders* to safeguard the indigent defendant's rights through an "adequate and effective appellate review."

Under prior law, litigants enjoyed certain limited rights to appeal that are neither referenced in rule 25.2 nor included in the CORTA form promulgated by the Texas Court of Criminal Appeals and provided in the appendix to the appellate rules (the "CORTA Form"). In particular, the CORTA Form does not recognize certain rights of appeal historically enjoyed by plea-bargaining defendants in Texas. Further, prior law recognized that a written waiver of the right to appeal may not be valid. Accordingly, we take this opportunity to discuss: (1) the limitations on and extent of our review power in an appeal following a plea bargain; and (2) the scope of our *Anders* duty to review the record independently when a plea-bargaining defendant has signed a waiver of the right to appeal, and the trial court has certified that the defendant has no right of appeal.

## A. The Right of Appeal in Criminal Cases

Texas law provides the defendant in a criminal case a statutorily created right of appeal. Tex.Code Crim. Proc. Ann. art. 44.02.[3] As noted above, proce-

---

3. As adopted in 1977, article 44.02 then read:

A defendant in any criminal action has

dural rules govern when and how an appeal may proceed but may not enlarge, abridge, or modify a legislatively granted right of appeal. TEX. GOV'T CODE ANN.

§ 22.108 (Vernon Supp.2004); *Johnson v. State*, 84 S.W.3d 658, 661 n. 6 (Tex.Crim. App.2002). Once a criminal defendant invokes our jurisdiction by filing a notice of

the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1977), as amended by repeal of "proviso only" pursuant to Acts 985, 69th Leg., ch. 685, § 4 by orders of the Texas Court of Criminal Appeals dated December 18, 1985, 707–708 S.W.2d XXX–XXXI (Tex. Cases 1986), and April 10, 1986, 713–714 S.W.2d XXXIX–XXX (Tex. Cases 1986), adopting rule 40(b)(1) of the Texas Rules of Appellate Procedure (effective September 1, 1986). Rule 40(b)(1) then read:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate

court of appeals and one copy to the attorney for the State.

TEX.R.APP. P. 40(b)(1) (Vernon Supp.1986) as amended by TEX.R.APP. P. 25.2(b), 948–949 S.W.2d XCVI (Tex. Cases 1997) (effective September 1, 1997, amended 2003). Former rule 25.2(b) provided:

(b) *Form and sufficiency of notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b) (as amended by TEX. R.APP. P. 25.2(a)(2), 90–91 S.W.3d XXII (Tex. Cases 2003) (effective January 1, 2003)). Current rule 25.2(a)(2) provides:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant-a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial; or

(B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2).

appeal, we then must determine how the appeal may proceed. Since January 1, 2003, we turn to the CORTA, not the notice of appeal, to make that determination. However, criminal defendants in Texas have rights to appeal that are neither specifically addressed in the language of rule 25.2 nor reflected in the CORTA Form. *See Carroll v. State,* 119 S.W.3d 838, 840 (Tex.App.-San Antonio 2003, no pet.) (per curiam) (noting that CORTA Form does not reflect right of defendant to appeal issues unrelated to conviction following deferred adjudication of guilt). Appellants also may challenge, under certain circumstances, the validity of any written waiver of the right to appeal. *See Perez,* 129 S.W.3d at 287–88. Neither rule 25.2 nor the CORTA Form recognizes an appellant's right to challenge the validity of a written waiver of the right to appeal.

## B. Historical Limitations Imposed on Criminal Appeals by Former Rule 40(b)(1) and Former Rule 25.2(b)(3)

■ For appeals commenced before January 1, 2003, the rules of appellate procedure limited a defendant's right of appellate review following a plea entered in a felony case pursuant to an agreed punishment recommendation if "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R.App. P. 25.2(b)(3) (amended effective January 1, 2003); [4] *Ramirez v. State,* 89 S.W.3d 222, 225 (Tex.App.-Corpus Christi 2002, no pet.). In that event, to comply with the extra-notice requirements of former rule 25.2(b)(3), the notice of appeal must have: (1) specified that the appeal was for a jurisdictional defect; (2) specified that the substance of the appeal was raised by written motion and ruled on

before trial; or (3) stated that the trial court granted permission to appeal. Tex. R.App. P. 25.2(b)(3) (amended effective January 1, 2003); [5] *Ramirez,* 89 S.W.3d at 225. This provision of former rule 25.2(b)(3) was incorporated in part into current rule 25.2. Nonetheless, an "agreed punishment recommendation" is still required before limitations on our review power apply.

■ An agreement between the State and a defendant may be a plea bargain without having as one of its terms an agreed punishment recommendation that is followed by the trial court. *Ramirez,* 89 S.W.3d at 225 n. 4. Any concession by the State in exchange for the defendant's guilty plea creates a plea bargain. *Id.* Only a plea bargain that incorporates an agreed recommendation as to punishment and is accepted by the court, however, triggers restrictions on our review power. *Id.* While rule 25.2(a)(2) explains that a "plea bargain" includes an "agreed punishment recommendation that the trial court followed," the CORTA Form does not differentiate between "plea bargain" and "agreed punishment recommendation that the trial court followed."

## C. Historical Limitations on Appellate Review of Issues Not Enumerated in Rule 25.2

### 1. Limitation on Appellate Review of Voluntariness Issue

■ We have no power to review an appeal by a criminal defendant of issues associated with the voluntariness of a felony plea entered pursuant to an agreed punishment recommendation that the trial court followed. *Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App.2001). The court of criminal appeals reasoned:

---

**4.** *See* note 3.

**5.** *See* note 3.

Experience has shown us that most cases of involuntary pleas result from circumstances that existed outside the record, such as misunderstandings, erroneous information, impaired judgment, ineffective assistance of counsel, and plea-bargains that were not followed or turn out to be impossible of performance. The legislature reasonably determined to eliminate a small number of meritorious appeals to prevent a much larger number of meritless appeals.

This decision may be seen as even more reasonable when it is remembered that meritorious claims of involuntary pleas may be raised by other procedures: motion for new trial and habeas corpus. These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.

*Id.* at 82 (footnote omitted).

## 2. *Limitation on Appellate Review of Ineffective–Assistance–of–Counsel Issues*

Current rule 25.2(a)(2) of the rules of appellate procedure—like former rule 25.2(b)(3) and its predecessor, rule 40(b)(1)—limits a defendant's right of appeal in plea-bargain cases. *Carroll*, 119 S.W.3d at 839. "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant-a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." Tex.R.App. P. 25.2(a)(2); *see Cooper*, 45 S.W.3d at 79 (interpreting former rule

25.2(b)(3) in the same way as former rule 40(b)(1), which "forbade appeal in every plea-bargained, felony case unless one of two conditions was met: the appellant had permission of the trial court, or the appeal was from a written, pre-trial motion."); [6] *see also Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (interpreting former rule 40(b)(1) as prohibiting in plea-bargained cases appeal of nonjurisdictional defects occurring after entry of plea).

Accordingly, the court of criminal appeals has instructed that "[t]he plain import of [former rule 25.2(b)(3)] is that appeals from plea-bargain cases are limited to the situations set forth in the rule." *Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim.App.2003). Like Escochea, Woods had pleaded guilty pursuant to an agreed punishment recommendation. *Id.* at 315. The trial court sentenced him in accordance with the plea agreement. *Id.* Woods filed a pro se general notice of appeal and a motion to withdraw his guilty plea, challenging the competency finding that resulted from a mental evaluation ordered by the trial court in response to his pre-trial motion for an examination. *Id.* Appellate counsel appointed for Woods filed an amended notice of appeal, alleging that the appeal was for jurisdictional defects and challenging both the voluntariness of Woods's guilty plea and a written pre-trial order finding him competent to stand trial. *Id.* Appellate counsel then filed an *Anders* brief and moved to withdraw as counsel. *Id.*

As required, the court of appeals conducted an independent review of the record in *Woods. See Penson*, 488 U.S. at 80, 109 S.Ct. 346. It concluded that an ineffective-assistance-of-counsel claim might be meritorious based on the fact that trial counsel did not file a notice of intention to

---

6. *See* note 3.

raise an insanity defense or request appointment of a defense mental health expert. *Woods*, 108 S.W.3d at 315 (citing *Woods v. State*, 59 S.W.3d 833 (Tex.App.-Texarkana 2001)). The court of appeals granted the motion to withdraw, abated the appeal, and remanded the case for appointment of new appellate counsel. *Woods*, 108 S.W.3d at 315. Not surprisingly, new appellate counsel filed an appellate brief claiming that trial counsel was ineffective in failing to either file notice of an insanity defense or request appointment of a defense expert. *Id.* The court of appeals sustained the second issue. *Id.* The court of criminal appeals reversed, holding that the extra-notice recitations in the notice of appeal required by former rule 25.2(b)(3) must be true and supported by the record. *Id.* at 316. The court concluded:

> The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former] Rule 25.2(b)(3). While appellant's amended notice of appeal makes at least one extra-notice allegation, lack of jurisdiction, his brief does not raise a jurisdictional claim. The other two allegations—voluntariness of the plea and appeal of a written pre-trial order finding appellant competent—do not state grounds cognizable under Rule 25.2(b)(3), but even if they did, the ineffective assistance claims alleged in the brief do not fall within either of these categories. We conclude that the Court of Appeals erred in considering appellant's ineffective assistance allegations.

*Id.* [footnote omitted]. The court noted that it has held that plea-bargaining defendants may not appeal the voluntariness of their pleas. *Id.* at n. 6 (citing *Cooper*, 45

S.W.3d at 77). With regard to Woods's claims on appeal, the court of criminal appeals reasoned:

> As for the appeal of the trial court's written order finding appellant competent, the notice does not allege that appellant's incompetency was a matter raised by written *motion* and ruled upon before trial. And the record would not substantiate such a recitation: appellant filed written motions for psychiatric examinations and those motions were granted. Whether appellant was actually competent to stand trial was ruled upon by written order but was never advanced in a written motion.

*Woods*, 108 S.W.3d at 316 n. 6. As a consequence, the court remanded the case for proceedings consistent with the opinion. *Id.* at 316. However, criminal defendants in Texas enjoy certain rights of appeal that are neither enumerated in rule 25.2, referenced in the CORTA Form, nor addressed in *Woods*.

## D. Historical Rights of Appeal Not Enumerated in Rule 25.2 or Referenced in the CORTA Form

### 1. Appeal Following Revocation of Regular Community Supervision

There are two kinds of community supervision. "Regular" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period after conviction and sentencing, during which period imposition of sentence is suspended in whole or in part. "Deferred adjudication" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period before adjudicating guilt and, consequently, before sentencing. Tex.Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp.2004). Beginning with the

imposition of terms and conditions, regular and deferred adjudication community supervision proceed in the same way through notice of revocation, culminating in a revocation hearing. TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 5(b), 21, 23 (Vernon Supp. 2004).

▮ An appeal from imposition of regular community supervision must be taken at the time the trial court imposes the terms and conditions. *Corley v. State,* 782 S.W.2d 859, 860 (Tex.Crim.App.1989). In a felony appeal concluded before January 1, 2003, former rule 25.2(b)(3) required the defendant to file a particularized notice of appeal when challenging the imposition of regular community supervision pursuant to an agreed punishment recommendation that the trial court followed. *See* TEX. R.APP. P. 25.2(b)(3) (amended effective January 1, 2003)[7]; *Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App.1999) (and cited cases).

Similarly, a defendant also must have appealed the trial court's imposition of deferred adjudication community supervision at the time it was ordered. TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.2004); *Nix v. State,* 65 S.W.3d 664, 667 (Tex.Crim.App.2001); *Manuel,* 994 S.W.2d at 661–62. As with an appeal from imposition of regular community supervision, former rule 25.2(b)(3) required a felony defendant to file a particularized notice of appeal when challenging the imposition of deferred adjudication community supervision pursuant to an agreed punishment recommendation that the trial court followed.[8] *Woods v. State,* 68 S.W.3d 667, 669 (Tex.Crim.App.2002) (and cited cases).

Despite these limitations, however, section 23(b) of article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was the result of an agreed punishment recommendation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2004); *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim. App.1998); *Mitich v. State,* 47 S.W.3d 137, 140 (Tex.App.-Corpus Christi 2001, no pet.). The restrictive proviso of former rule 25.2(b)(3) did not apply to a pre-January 1, 2003 appeal "attacking the propriety of orders revoking probation." *See Feagin,* 967 S.W.2d at 419 (interpreting former rule 40(b)(1), which was amended and replaced in 1997 by former rule 25.2(b)(3)). A defendant appealing from revocation of regular community supervision did not appeal from a judgment rendered on a plea of guilty or nolo contendere under article 1.15 of the code of criminal procedure. *See* TEX.R.APP. P. 25.2(b) (amended effective January 1, 2003).[9] A plea of true is not "a plea of guilty or nolo contendere under article 1.15 of the code of criminal procedure." *See id.* In such circumstances, the agreed punishment recommendation that the defendant and the State entered into was complete when the trial judge originally placed the defendant on community supervision, and section 23(b) of article 42.12 governs appeals from revocation of regular community supervision, not former rule 25.2(b)(3). *See Feagin,* 967 S.W.2d at 419. Thus, an appeal concluded before January 1, 2003 proceeded without limitation on our power to review any errors raised by the appellant with regard to a regular community supervision revocation proceeding, even a revocation pursuant to an agreed punishment

7. *See* note 3.

8. *See* note 3.

9. *See* note 3.

recommendation.[10] *See id.; see also Mitich,* 47 S.W.3d at 140. Neither rule 25.2(a)(2) nor the CORTA Form references the right to appeal from revocation of community supervision.

### 2. *Appeal of Issues Unrelated to Conviction Following Adjudication and Revocation of Deferred Adjudication Community Supervision*

The process for revoking deferred adjudication community supervision is the same as revocation proceedings in regular community supervision cases. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 21, 23(a) (Vernon Supp.2004). However, the resemblance between deferred adjudication and regular community supervision revocation proceedings ends there. The distinction arises from the trial court's deferral of a finding of guilt when imposing deferred adjudication community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.2004). Section 5(b) of article 42.12 strictly limits appeal from the revocation of deferred adjudication community supervision. *Id.* The code of criminal procedure expressly denies a defendant the right to appeal a trial court's adjudication decision:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. **No appeal may be taken from this determination.** After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

*Id.* (emphasis added). Thus, revocation of deferred adjudication community supervision involves a component that proceedings revoking regular community supervision do not: the adjudication decision. *Issa v. State,* 826 S.W.2d 159, 161 (Tex. Crim.App.1992) (per curiam). Section 5(b) of article 42.12 prohibits a defendant who has been adjudicated guilty of the original charge from raising on appeal contentions of error in the adjudication decision. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex. Crim.App.1999). The court of criminal appeals has made it clear, "given the plain meaning" of section 5(b) of article 42.12, that an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication-of-guilt

---

**10.** Similarly, neither former rule 40(b)(1) nor former rule 25.2(b)(3) imposed limitations on notices of appeal following misdemeanor pleas entered pursuant to an agreed punishment recommendation. *See* TEX.R.APP. P. 40(b)(1) (repealed); TEX.R.APP. P. 25.2(b)(3) (amended effective January 1, 2003); *see also Lemmons v. State,* 818 S.W.2d 58, 63 (Tex. Crim.App.1991) (per curiam) (interpreting former rule 40(b)(1)); *Alvorado v. State,* 83 S.W.3d 203, 204 (Tex.App.-Amarillo 2002, no pet.) (holding that defendant appealing misdemeanor conviction entered as result of plea pursuant to agreed punishment recommendation not limited by particularized notice requirements of former rule 25.2(b)(3) but that court of appeals nonetheless lacked jurisdiction because proviso of article 44.02 still applied to limit appeals from misdemeanor pleas). We note that former rules 40(b)(1) and 25.2(b)(3) specifically referred to pleas entered pursuant to article 1.15, which governs pleas in non-capital felony cases. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2004). *See* note 3. We express no opinion at this time about the effect of the removal of any reference to rule 1.15 from current rule 25.2(a)(2). TEX.R.APP. P. 25.2(a)(2). *See* note 3.

process. *Id.* Included within the term "adjudication-of-guilt process" are challenges to sufficiency of the notice contained in the terms and conditions of deferred adjudication probation, adequacy of the State's notice of violation, and sufficiency of the evidence to support the trial court's revocation decision. *See id.* (and cited cases).

Further, for the purpose of applying former rule 25.2(b)(3), when a prosecutor recommended deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial court did not exceed that recommendation if, on proceeding to an adjudication of guilt, the court later assessed any punishment within the range allowed by law. *Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex.Crim.App. 2001) (citing *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996)).[11] Thus, former rule 25.2(b)(3) limited our review power over an appeal brought after an adjudication of guilt by a defendant placed on deferred adjudication community supervision pursuant to an agreed punishment recommendation. Tex.R.App. P. 25.2(b)(3) (amended effective January 1, 2003); Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.2004); Tex.Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp.2004); *Woods,* 68 S.W.3d at 669 (and cited cases).

However, the extra-notice requirements of former rule 25.2(b)(3) did not apply to an appeal from a judgment adjudicating guilt when the issues raised by the appeal were unrelated to the conviction. *See Kirtley v. State,* 56 S.W.3d 48, 51–52 (Tex. Crim.App.2001) (allowing appeal of issues related to punishment phase following adjudication of guilt). Once the trial court

adjudicates the guilt of a defendant on deferred adjudication community supervision, the assessment of punishment, pronouncement of sentence, and the defendant's appeal continue as if the trial court had not deferred the adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2004). Thus, a defendant may appeal from a judgment adjudicating guilt when the issues raised by the appeal relate not to the adjudication decision but to the punishment phase. *See id.; see also Kirtley,* 56 S.W.3d at 51–52 (addressing claim of ineffective assistance of counsel at punishment phase following adjudication of guilt). Consequently, a defendant was not required to comply with the extra-notice provisions of former rule 25.2(b)(3) to challenge issues unrelated to the conviction, including asserted punishment errors. *Vidaurri,* 49 S.W.3d at 884; *Carroll,* 119 S.W.3d at 839; *see May v. State,* 106 S.W.3d 375, 376 n.4 (Tex.App.-Corpus Christi 2003, no pet.) (applying *Vidaurri* to appeal commenced after January 1, 2003 to hold requirements of current rule 25.2(a)(2) inapplicable to claim of error in misapplication of mandatory sentencing statute). Neither rule 25.2(a)(2) nor the CORTA Form references an adjudicated defendant's right to appeal issues unrelated to the conviction following the adjudication of guilt.

### 3. *Appeal of Jurisdictional Defects*

 Rule 25.2 omits any reference to a plea-bargaining defendant's right to appeal jurisdictional defects, a right both former rule 40(b)(1) and former rule 25.2(b)(3) expressly recognized, although with different language.[12] *See* Tex.R.App. P. 25.2(a)(2). However, "both bargaining and

---

**11.** The court of criminal appeals limited *Watson* to this proposition in *Vidaurri v. State,* 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001) and *Feagin v. State,* 967 S.W.2d 417, 418 (Tex. Crim.App.1998).

**12.** *See* note 3.

non-bargaining defendants can appeal jurisdictional issues." *Monreal v. State,* 99 S.W.3d 615, 620 (Tex.Crim.App.2003). Neither rule 25.2(a)(2) nor the CORTA Form references every defendant's right on appeal to challenge the trial court's jurisdiction.

### 4. Appeal of Illegality of Unauthorized Sentence

■■■■ A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Perez,* 129 S.W.3d at 289 (citing *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003)). Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Perez,* 129 S.W.3d at 289 (citing *Mizell,* 119 S.W.3d at 806 n. 6). Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Mizell,* 119 S.W.3d at 806. Neither rule 25.2(a)(2) nor the CORTA Form references a plea-bargaining defendant's right to appeal the legality of an unauthorized sentence.

### E. Scope of Independent Review Power

■■■ Accordingly, given that appellate rule 25.2 must not "abridge, enlarge, or modify" the substantive rights of a defendant, rule 25.2's certification requirement must not extinguish limited rights to appeal previously recognized under the law. Concomitantly, the scope of our independent *Anders* review is not confined by the express terms of either rule 25.2 or the CORTA Form. Rather, our independent review also encompasses other arguable issues not recognized by either rule 25.2 or the CORTA Form.

In reaching this conclusion, we reiterate that we recognize that the court of criminal appeals has instructed us that "[t]he plain import of [former rule 25.2(b)(3) ] is that appeals from plea bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former rule 25.2(b)(3) ]." *Woods,* 108 S.W.3d at 316. However, *Woods* neither overruled nor addressed substantive exceptions to former rule 25.2 embodied in precedent issued by the court of criminal appeals. Moreover, *Woods* concerned the extra-notice recitations for the notice of appeal explicitly required by former rule 25.2(b)(3).[13] The issues we now must address concern rights of appeal identified on the CORTA Form as well as in the language of rule 25.2. As discussed above, the CORTA Form excludes certain limited rights to appeal that plea-bargaining defendants continue to enjoy in Texas. We conclude that the court of criminal appeals did not intend its suggested CORTA Form to abridge a criminal defendant's substantive rights. Accordingly, we hold that the scope of our independent review under *Anders* is not confined by the terms of either rule 25.2 or the CORTA Form. Rather, the scope of our independent review includes any arguable grounds that might support an appeal, which by definition includes limited rights to appeal previously recognized by law, including the right to challenge the validity of a written waiver of the right to appeal.

■■■ We conclude that the Texas Court of Criminal Appeals has authorized us in appeals following negotiated guilty pleas to address issues that assert: (1) the invalidity of a written waiver of the right to

**13.** *See* note 3.

appeal; (2) errors in regular community supervision revocation proceedings; (3) errors unrelated to the conviction following adjudication and revocation of deferred adjudication community supervision; (4) jurisdictional defects; (5) matters raised by written motion ruled on before trial; (6) matters for which the trial court has granted permission to appeal; and (7) the legality of the sentence imposed as unauthorized. *See Blanco*, 18 S.W.3d at 220 (validity of written waiver of right to appeal); *see also Feagin*, 967 S.W.2d at 419 (revocation of regular community supervision); *Kirtley*, 56 S.W.3d at 51–52 (errors unrelated to conviction following deferred adjudication of guilt); *Monreal*, 99 S.W.3d at 620 (jurisdictional defects); *Woods*, 108 S.W.3d at 316 (matters raised by pre-trial motions; permissive appeals); *Mizell*, 119 S.W.3d at 806 (legality of unauthorized sentence).

■ Accordingly, we also hold that our independent review of the record under *Anders* and *Penson* in an appeal following a guilty plea first must determine if the appellant executed a valid waiver of the right to appeal. *See, e.g., Perez*, 129 S.W.3d at 287. Further, we hold that we next independently review the record to determine if the plea was entered pursuant to an agreed punishment recommendation that the trial court followed. *See id.* at 286. If the appellant did not execute a valid waiver of the right to appeal and the

appeal is from a negotiated guilty plea, we hold that the scope of our duty under *Anders* and *Penson* to review the record independently requires us to examine the record: (1) following revocation of regular community supervision, for any error in the revocation proceeding; (2) following a deferred adjudication of guilt, for errors unrelated to the conviction; (3) for jurisdictional defects in all cases; (4) for matters raised by written motion ruled on before trial in all cases; (5) for all matters the trial court granted permission to appeal; and (6) in all cases, the legality of the sentence imposed as authorized by law. *See Perez*, 129 S.W.3d at 288 (finding that independent review of record in *Anders* appeal following guilty plea entered without benefit of punishment recommendation and without valid written waiver of the right to appeal includes: (1) potential jurisdictional defects; (2) voluntariness of plea; (3) error that is not independent of and supports judgment of guilt; and (4) potential error occurring after guilty plea).[14]

### F. Compliance in Substance as Well as Form

■ Finally, we hold that our duty to review the record independently in *Anders* cases requires us to determine that the record substantiates that the defendant has no right of appeal if the trial court's CORTA so reflects.[15] It was not enough

14. For another example of the scope of this Court's independent review of the record in an *Anders* appeal following a guilty plea, see *Benegas v. State*, No. 13–03–104–CR, 2004 Tex.App. LEXIS 2260, at *6 (Tex.App.-Corpus Christi March 11, 2004, no pet. h.) (not designated for publication) (limiting independent review of record to errors unrelated to conviction in appeal following adjudication of guilt and deferred probation revocation). Compare *Jeffery v. State*, No. 13–03–381–CR, 2004 WL 442852, *1n*8, 2004 Tex.App. LEXIS 2276, at *4–*24 (Tex.App.-Corpus Christi

March 11, 2004, no pet. h.) (not designated for publication) (performing independent review of entire record in appeal of conviction following jury trial).

15. For recognition by our sister courts of appeals that a trial court's certification of no right of appeal must be supported by the record, *see, e.g., Banda v. State*, No. 01–03–00432–CR, 2004 WL 744593, *1, 2004 Tex. App. LEXIS 3272, at *2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) (not designated for publication) ("The

that the form of a notice of appeal filed before January 1, 2003 comply with the extra-notice requirements of former rule 25.2(b)(3). *Flores v. State*, 43 S.W.3d 628, 629 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Sherman v. State*, 12 S.W.3d 489, 492 (Tex.App.-Dallas 1999, no pet.). The record must have substantiated the specific allegations in the notice of appeal. *See Woods*, 108 S.W.3d at 316 (requiring that record substantiate extra-notice provisions of former rule 25.2(b)(3)); *see also Flores*, 43 S.W.3d at 629; *Betz v. State*, 36 S.W.3d 227, 228 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Thus, the record must have substantiated a lack of jurisdiction in the trial court if an appellant specified in the notice of appeal pursuant to former rule 25.2(b)(3) that the appeal was for jurisdictional defects. *Woods*, 108 S.W.3d at 314; *Betz*, 36 S.W.3d at 228. Similarly, the record must have contained written motions ruled on before trial if an appellant specified in the notice of appeal that the appeal was pursuant to former rule 25.2(b)(3)(B), and it must have substantiated that the trial court had given permission to appeal if the notice reflected that the appeal was pursuant to former rule 25.2(b)(3)(C). *Betz*, 36 S.W.3d at 228.

█ Thus, we also hold that each record in *Anders* cases now must substantiate the specific grounds for appeal identified

in the CORTA as well as substantiate any certification that the appellant has no right of appeal. *See Waters v. State*, 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("Despite the trial court's certification [that the appellant had the right to appeal], we believe the Rule 25.2 requirements recited in a certification must be true and supported by the record."). With our duty under *Anders* and *Penson* firmly in mind, we turn to our disposition of this appeal.

## III. DISPOSITION

### A. *Anders* Brief

Escochea's court-appointed appellate counsel filed a brief in which he concludes that this appeal is frivolous. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396. Counsel has certified that: (1) he reviewed the record; (2) in his opinion, the appeal is frivolous because Escochea's general notice of appeal did not invoke our jurisdiction; (3) he served a copy of the brief on Escochea at the time of its filing; and (4) he informed Escochea by accompanying letter of his opinion that the appeal is frivolous and that Escochea has the right to file a pro se brief on his own behalf. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396; *see also High v. State*, 573 S.W.2d

---

trial court's certification of appellant's right to appeal states that this is a plea-bargained case and appellant has no right to appeal. The record supports the certification."); *Johnson v. State*, No. 01–04–00202–CR, 2004 WL 744818, *1, 2004 Tex.App. LEXIS 3284, at *1–*2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) (not designated for publication)(same); *Zavala v. State*, No. 04–04–00042–CR, 2004 WL 730744, *1, 2004 Tex.App. LEXIS 3097, at *1 (Tex.App.-San Antonio April 7, 2004, no pet. h.) (per curiam) (not designated for publication) ("The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor

and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal."); *Rodriguez v. State*, No. 04–03–00204–CR, 2004 WL 57048, *1, 2004 Tex.App. LEXIS 326, at *3 (Tex.App.-San Antonio Jan.14, 2004, no pet.) (per curiam) (not designated for publication) ("The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted Rodriguez permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Rodriguez does not have the right to appeal.").

807, 813 (Tex.Crim.App. [Panel Op.] 1978). Pursuant to our order, counsel also provided Escochea a copy of the record.

An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *High*, 573 S.W.2d at 812. With relevant citation to legal precedent and the record, counsel professionally evaluates the pre-trial proceedings, the admonishments in the record, and the plea proceedings. *See Currie v. State*, 516 S.W.2d 684, 684 (Tex.Crim.App.1974). We do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consider worthy of inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. *See id.* We hold that counsel's brief is not the "conclusory statement" decried by *Anders. See id.*

We turn to our independent review of the record. *See Penson*, 488 U.S. at 80, 109 S.Ct. 346; *see also Ybarra v. State*, 93 S.W.3d 922, 926 (Tex.App.-Corpus Christi 2002, no pet.). We note that Escochea does not appeal from a revocation proceeding or from a deferred adjudication of guilt.

**B. Independent Review of the Record**

### 1. Validity of Written Waiver of the Right to Appeal

Our independent review of the record reveals that the clerk's record of the written plea papers signed by Escochea contains a "Statement Understanding Admonishments" that recites the following waiver of the right to appeal:

I understand that, whether I plead guilty or nolo contendere with or without a plea bargain agreement, I may have a limited right to appeal. I hereby waive any right of appeal that I may have to the judgment of the Court.

"A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court." *Perez*, 129 S.W.3d at 287 (quoting *Monreal*, 99 S.W.3d at 622). Escochea bargained for a sentencing recommendation in exchange for his waiver. He was "fully aware of the likely consequences" when he waived his right to appeal. *Blanco*, 18 S.W.3d at 220 (quoting *Mabry v. Johnson*, 467 U.S. 504, 511, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)). It is "not unfair to expect him to live with those consequences now." *See Blanco*, 18 S.W.3d at 220 (quoting *Mabry*, 467 U.S. at 511, 104 S.Ct. 2543); *compare Perez*, 129 S.W.3d at 287 (holding waiver of appeal signed before sentencing without benefit of punishment recommendation was invalid). Escochea is bound by his bargain, including the waiver. *See Blanco*, 18 S.W.3d at 220. There is nothing in the record to indicate he was unaware of the waiver or misled regarding its effect. *Cf. Alzarka v. State*, 90 S.W.3d 321, 324 (Tex.Crim.App. 2002) (discussing appellant's challenges to validity of written waiver of right to appeal). Moreover, the trial court expressly denied Escochea permission to appeal and certified that he has no right of appeal, which we note is consistent with a determination that the "boiler-plate" language in Escochea's plea papers is a valid waiver of his right to appeal. *Cf. Alzarka*, 90 S.W.3d at 324 (finding that record directly contradicted and rebutted any presumption raised by terms of boiler-plate waiver of right to appeal contained in plea papers).[16] "The trial court is in a better

16. The trial court provided a record to Escochea and appointed appellate counsel for him, / factors we determined in *Perez* to mitigate against a finding that the "boiler-plate" waiv-

position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in appellant's desire to appeal." *Iles v. State,* 127 S.W.3d 347, 350 (Tex. App.-Houston [1st Dist.] 2004, no pet.) (quoting *Willis v. State,* 121 S.W.3d 400, 403 (Tex.Crim.App.2003)). We conclude that Escochea's written waiver of his right to appeal is valid. *See Blanco,* 18 S.W.3d at 220. Because Escochea waived his right of appeal, his notice of appeal invoked our jurisdiction but did not trigger our full review power. This record does not support exercise of our limited power to review jurisdictional defects or matters raised by written motion filed and ruled on before trial.[17] Nor did the trial court give Escochea permission to appeal. However, because we do have jurisdiction over this appeal, we have a duty to examine the record independently with regard to the legality of Escochea's sentence as authorized by law. *See Mizell,* 119 S.W.3d at 806.

### 2. *Legality of Sentence as Unauthorized*

 The five-year sentence imposed in the case is within the range authorized by law for a third-degree felony and is not illegal.[18] *See id.* Accordingly, the record in this case does not support exercise of

our limited power to review an illegal sentence.

### 3. *Waiver by Guilty Plea*

 Our review of the record reveals that Escochea complained, in his pro se letter to the trial court in which he noticed his appeal, that his trial counsel did not have his permission to waive a jury on his behalf and that he did not voluntarily plead guilty. Even if Escochea had not waived his right to appeal in writing, he waived any appeal of the voluntariness of his plea when he pleaded guilty to a felony pursuant to an agreed punishment recommendation. *See Cooper,* 45 S.W.3d at 81. Similarly, Escochea waived any appeal based on ineffective assistance of counsel. *See Woods,* 108 S.W.3d at 316. The proper vehicle for voluntariness and ineffectiveness issues is a collateral attack that permits the development of facts concerning the claims. *Jackson v. State,* 877 S.W.2d 768, 773 (Tex.Crim.App.1994).

### C. Conclusion

We hold that our duty to examine the record for error independently is fulfilled on ascertaining that Escochea's written waiver of appeal is valid and that the sentence the trial court imposed is authorized by law and not illegal. We conclude that Escochea's appeal is frivolous and without merit. The record does not sub-

---

er of the right to appeal in that case was valid. *See Perez,* 129 S.W.3d at 288. However, unlike the trial court in *Perez,* the trial court here did not file a CORTA stating that Escochea has the right to appeal, although it did not certify that Escochea had waived his right of appeal, either.

17. We note that the record of the plea proceeding reflects that Escochea also waived any ruling on his pre-trial motions: "In the event that my lawyer filed pretrial motions on my behalf, I hereby withdraw all such motions, regardless of whether rulings were made on the motions. If the Court ruled on

any pretrial motions filed on my behalf, I hereby waive any such rulings and further waive my right to appeal any such rulings." In a separate document, Escochea also attested that: "I waive or give up and/or withdraw all pretrial motions filed in this cause, including any motions presented to the Court which were denied by the Court."

18. *See* note 1; *see also* TEX. PEN.CODE ANN. § 12.34 (Vernon 2003) (providing sentence for third-degree felony "for any term of not more than 10 years or less than 2 years").

stantiate that Escochea has any right of appeal. *See Woods,* 108 S.W.3d at 316. It follows, therefore, that the record does not, and cannot, contain a CORTA showing that Escochea has the right of appeal. *See* TEX.R.APP. P. 25.2(d). No amendment or supplementation of the CORTA is required to accurately reflect Escochea's right of appeal. *See* TEX.R.APP. P. 25.2(f), 37.1. Accordingly, we dismiss this appeal. *See* TEX.R.APP. P. 25.2(d).

### D. Motion to Withdraw

An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim. App.1971); *see Stafford,* 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request for withdrawal from case). Counsel has requested to withdraw from further representation of Escochea on this appeal. We grant counsel's motion to withdraw and order him to advise Escochea promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997) (per curiam).