NUMBER 13-03-157-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JORGE LUIS TAMEZ ESTRADA,                                               Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 389th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Yañez
Memorandum Opinion Per Curiam
 
         Appellant, Jorge Luis Estrada, attempts to appeal a conviction for first-degree
and third-degree felony offenses of injury to a child. The trial court has certified that
this “is a plea-bargain case, and the defendant has NO right of appeal.” See Tex. R.
App. P. 25.2(a)(2).
         On March 10, 2004, this Court notified appellant’s counsel of the trial court’s
certification and ordered counsel to: (1) review the record; (2) determine whether
appellant has a right to appeal; and (3) forward to this Court, by letter, counsel’s
findings as to whether appellant has a right to appeal, or, alternatively, advise this
Court as to the existence of any amended certification.
         On May 3, 2004, and May 7, 2004, counsel filed letter briefs with this Court. 
On May 13, 2004, the State moved to dismiss the appeal on grounds that appellant
has no right to appeal. 
         Counsel’s briefs filed with this Court do not establish (1) that the certification
currently on file with this Court is incorrect or (2) that appellant otherwise has a right
to appeal. Counsel contends that appellant has a right to appeal based on ineffective
assistance of counsel. However, appellant waived any appeal based on ineffective
assistance of counsel. See Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App.
2003); Escochea v. State, 139 S.W.3d 67, 76 (Tex. App.–Corpus Christi 2004, no
pet.). The proper vehicle for voluntariness and ineffectiveness issues is a collateral
attack that permits the development of facts concerning the claims. Jackson v. State,
877 S.W.2d 768, 773 (Tex. Crim. App. 1994); Escochea, 139 S.W.3d at 84.
         The Texas Rules of Appellate Procedure provide that an appeal must be
dismissed if the trial court’s certification does not show that the defendant has the
right of appeal. Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. 
Accordingly, this appeal is dismissed. Any pending motions are denied as moot.           
                                                                                      PER CURIAM
 
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 16th day of September, 2004.