NUMBER 13-03-120-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG

__________________________________________________________________

 

GILBERT MARTINEZ,                                                                       Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                    Appellee.

__________________________________________________________________

 

                             On appeal from the 105th District Court

                                        of Nueces County, Texas.

__________________________________________________________________

 

                               MEMORANDUM
OPINION

                                                              

                         Before Justices
Hinojosa, Yañez, and Garza

                                 Memorandum
Opinion Per Curiam

                                                                              








Appellant,
Gilbert Martinez, attempts to appeal a conviction for aggravated sexual assault
of a child.  The trial court has
certified that "the defendant has waived the right of appeal."  See Tex.
R. App. P. 25.2(a)(2).  This Court
notified appellant's counsel of the trial court's certification and ordered
counsel to: (1) review the record; (2) determine whether appellant has a right
to appeal; and (3) forward to this Court, by letter, counsel's findings as to
whether appellant has a right to appeal, or, alternatively, advise this Court
as to the existence of any amended certification.  Counsel filed a letter brief with this
Court.  Counsel's response does not
establish (1) that the certification currently on file with this Court is
incorrect, or (2) that appellant otherwise has a right to appeal.

A voluntary,
intelligent, and knowing waiver of appeal, whether negotiated or non‑negotiated,
prevents a defendant from appealing without the consent of the trial
court.  Monreal v. State, 99
S.W.3d 615, 622 (Tex. Crim. App. 2003); Escochea v. State, 139 S.W.3d
67, 83-84 (Tex. App.BCorpus Christi, 2004, no pet.).  Pursuant to our examination of the record, we
find that appellant executed a written waiver of his right to appeal.  See Dears v. State, 154 S.W.3d
610, 614 (Tex. Crim. App. 2005) (AIf the court chooses to examine a certification
after the record is filed, it has the ability to compare the certification to
the record and, in that instance, a duty to do so.@).  








Appellant=s counsel executed a certificate stating that he
agreed and consented to the waiver and appellant=s plea
was made voluntarily, knowingly, and intelligently.  The reporter=s
record in this case indicates that the trial court expressly questioned
appellant regarding whether or not appellant had read and understood his waiver
of rights, and appellant replied in the affirmative.  Appellant stated that he freely and
voluntarily signed the waiver.  The trial
court expressly denied appellant permission to appeal and certified that he has
no right to appeal, which is consistent with a determination that appellant's
written waiver of the right to appeal is valid. 
Escochea, 139 S.W.3d at 83-84. 
Moreover, based on the record and the pleadings, it appears that
appellant executed the waiver in connection with his agreement with the State
that the State would recommend a twelve year sentence.  The trial court is in a better position to
determine the validity of appellant's waiver and if there is any arguable merit
in his desire to appeal.  See id.  We determine that appellant executed a valid
waiver of the right to appeal.  Id.;
see also Jackson v. State, No. 2-05-103-CR, 2005 Tex. App. LEXIS 4838,
*6-*8 (Tex. App.BFort Worth June 23, 2005, no pet. h.) (designated
for publication). 

  The Texas Rules of Appellate Procedure
provide that an appeal must be dismissed if the trial court's certification
does not show that the defendant has the right of appeal.  Tex.
R. App. P. 25.2(d); see Tex.
R. App. P. 37.1, 44.3, 44.4.  The
State has filed a motion to dismiss the appeal. 
We grant the State=s motion and dismiss the appeal.  Any pending motions are denied as moot.

 

PER CURIAM

 

 

Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this

the 7th day of July, 2005.