

## NUMBER 13-08-00724-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‑ EDINBURG

**PATRICK KNESEK,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Patrick Knesek challenges his conviction, pursuant to a guilty plea, for

engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a)(8) (Vernon

Supp. 2009). By one issue, which we reorganize and renumber as two, *see* TEX. R. APP.

P. 47.1, Knesek argues that: (1) his guilty plea was involuntary; and (2) the punishment imposed by the trial court was illegal. We affirm.

## I. BACKGROUND[1]

Knesek was indicted four separate times for organized criminal activity in connection with his involvement in an identity theft ring. The first three indictments—filed on May 15, 2008, June 12, 2008, and October 23, 2008—stated that "on or about December 5, 2007," Knesek "did then and there, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, . . . conspire to commit the offense of Fraudulent Use of Identifying information . . . ."[2] *See* TEX. PENAL CODE ANN. § 32.51(b)-(c) (Vernon Supp. 2009).[3] The final indictment, filed on November 13, 2008, included two counts of engaging in organized criminal activity: count one alleged that Knesek conspired to commit identity theft "on or about September 1, 2007 to December 5, 2007," *see id.*; count two alleged that Knesek so conspired "on or about April 1, 2007 to August 31, 2007."[4]

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4. Moreover, the State filed no appellee's brief to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by Knesek and the record before us.

[2]The October 23, 2008 re-indictment added the phrase "commit" in addition to "conspire to commit."

[3]This version of section 32.51 of the penal code reflects amendments that became effective September 1, 2007, and applies to any offense in which all elements of the crime occurred after the effective date. *See* TEX. PENAL CODE ANN. § 32.51 (Vernon Supp. 2009). The degrees of offense, and attendant punishment levels, available under the amended statute range from state jail felony to first degree felony. *See id.* § 32.51(c).

[4]An earlier version of section 32.51 applied to count two of the November 13, 2008 indictment because the elements of that offense occurred prior to the effective date of the version amended in 2007. *See* Act of May 22, 2007, 80th Leg., R.S., ch. 631, § 1-3, sec. 32.51, 2007 TEX. GEN. LAWS 1204. Under the earlier version, the only degree of offense was a state jail felony. *See id.*

On November 21, 2008, Knesek was arraigned on the November 13 two-count indictment. On December 3, 2008, Knesek pleaded guilty to both counts pursuant to a plea agreement with the State, in which the State agreed to recommend punishment between five and ten years' imprisonment for each count; Knesek agreed to the punishment recommendation. The trial court accepted the punishment range recommended by the State, sentenced Knesek to ten years' confinement for each count, and ordered the sentences to run concurrently. The trial court also certified Knesek's limited right to appeal, allowing an appeal only of matters "raised by written motion filed and ruled on before trial."[5] *See* TEX. R. APP. P. 25.2(a)(2)(A); TEX. CODE CRIM. PROC. ANN. art 44.02 (Vernon 2006). This appeal followed.

## II. INVOLUNTARY PLEA

By one issue, Knesek argues that his guilty plea was involuntary. However, "we have no power to review an appeal by a criminal defendant of issues associated with the voluntariness of a felony plea entered pursuant to an agreed punishment recommendation that the trial court followed." *Escochea v. State*, 139 S.W.3d 67, 75 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (en banc)). We are therefore without authority to review Knesek's voluntariness issue, and this issue is overruled.

---

[5]Prior to the final indictment, Knesek sought to enforce an alleged agreement between him and the State by filing a motion entitled Proposed Stipulation of Offenses and Punishment with the trial court on October 23, 2008. In that motion, Knesek urged that the State had agreed to recommend limiting the degree of offense and punishment range in the case to a state jail felony because some elements of the crime allegedly occurred prior to September 1, 2007, the effective date of certain amendments to the identity theft statute that stiffened punishment for the crime. However, at the time of Knesek's motion, the indictment reflected a date of offense of December 5, 2007, which triggered the amended version of section 32.51. *See* TEX. PENAL CODE ANN. § 32.51 (Vernon Supp. 2009). The trial court denied the motion on November 12, 2008.

### III. ILLEGAL SENTENCE

By a second issue, although he never clearly explains it as such, Knesek appears to contend that the ten-year sentence imposed by the trial court for count two was illegal.[6] However, Knesek cites no authority supporting this argument and provides us with no "clear and concise" argument for this apparent contention. *See* TEX. R. APP. P. 38.1(i). Knesek has therefore waived this issue on appeal. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (en banc) (concluding that an appellant waived consideration of an issue on appeal by failing to include authority or argument). His second issued is overruled.

### IV. CONCLUSION

The judgment of conviction is affirmed.[7]

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of March, 2010.

---

[6]Knesek appears to be attempting to bring this appeal from his pre-trial motion that was denied by the trial court. *See* TEX. R. APP. P. 25.2(a)(2)(A); TEX. CODE CRIM. PROC. ANN. art 44.02 (Vernon 2006). However, we need not address Knesek's argument in that context because an illegal sentence can be challenged at any time. *See Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (holding that a defect that renders a sentence void may be raised at any time); *see also* TEX. R. APP. P. 47.1.

[7]We note that Knesek's avenues for relief are not completely foreclosed by our decision; meritorious claims of involuntary pleas and illegal sentences may be raised by other procedures such as motions for habeas corpus. *See Ex parte Rich*, 194 S.W.3d at 511; *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (en banc). "These procedures are not only adequate to resolve [such] claims . . . but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Cooper*, 45 S.W.3d at 82.