NUMBER 13-02-221-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ADAN MARTINEZ,                                            Appellant,

v.

THE STATE OF TEXAS, Appellee.
                                                                                                                      

On appeal from the 105th District Court 
of Nueces County, Texas.
                                                                                                                      
 
MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Chief Justice Rogelio Valdez
         Appellant, Adan Martinez, was indicted as a repeat felony offender for unlawful
possession of methamphetamine and unlawful possession of cocaine. Tex. Health &
Safety Code Ann. § 481.115 (Vernon 2003). Appellant elected to be tried by a jury;
however, before the jury reached a verdict, appellant reached a plea agreement with the
State. The trial court sentenced appellant in accordance with the agreement to eight
years imprisonment in the Texas Department of Criminal Justice, Institutional Division. 
The trial court has certified that this case “is a plea bargain case and the defendant has
NO right of appeal.” See Tex. R. App. P. 25.2(a)(2). We conclude that the appeal is
frivolous and without merit. We dismiss this appeal.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
Anders Brief
         Appellant’s counsel


 has filed a brief in which he has concluded that this appeal
is wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738 (1967), as it presents a professional evaluation regarding why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (citing High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978)). Counsel certifies in his brief that he served
appellant with a copy of the brief and informed appellant of his right to examine the
appellate record and file a pro se brief. 
         Pursuant to rule 25.2(d), an appeal must be dismissed if, as in the instant case,
a certification showing the right to appeal has not been made part of the record. See
Tex. R. App. P. 25.2(d). Nevertheless, the certification showing no right to appeal does
not eliminate our duty to perform an independent review of the record upon receipt of
an Anders brief. Chavez v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex.
App. LEXIS 5100, at *3 (Tex. App.–Corpus Christi, June 10, 2004, no pet. h.)
(designated for publication); see Penson v. Ohio, 488 U.S. 75, 80 (1988) (upon receipt
of “frivolous appeal” brief, appellate courts must conduct “full examination of all the
proceeding[s] to decide whether the case is wholly frivolous”) .
Independent Review of the Record
         Pursuant to our independent examination of the record, we find that appellant
executed a written waiver of his right to appeal. A voluntary, intelligent, and knowing
waiver of appeal, whether negotiated or non-negotiated, prevents a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615,
622 (Tex. Crim. App. 2003); Escochea v. State, No. 13-01-761-CR, 2004 Tex. App.
LEXIS 5366, at *3 (Tex. App.–Corpus Christi, June 17, 2004, no pet. h.). The plea
bargain in this case included an agreed recommendation as to punishment that was
accepted by the trial court, indicating that appellant bargained for a sentencing
recommendation in exchange for the waiver. The trial court expressly denied appellant
permission to appeal and certified that he has no right to appeal, which is consistent
with a determination that appellant’s written waiver of the right to appeal is valid.
Escochea, 2004 Tex. App. LEXIS 5366, at *39-*40. The trial court is in a better
position to determine the validity of appellant’s waiver and if there is any arguable merit
in his desire to appeal. See id. at *40. We determine that appellant executed a valid
waiver of the right to appeal. See id. 
         Given that appellant is not appealing from a revocation or adjudication proceeding
and that he executed a valid waiver of the right to appeal, we examine the record for
jurisdictional defects and to determine the legality of the sentence imposed. See id.,
2004 Tex. App. LEXIS 5366, at *32-*33 (discussing scope of independent review). 
A review of the clerk’s record reveals no arguable jurisdictional defects. Appellant was
sentenced to eight years imprisonment, which is within the range authorized by law and
is not illegal. See Tex. Health & Safety Act Ann. § 481.115(d) (Vernon 2003)
(possession of four or more grams but less than two hundred is second-degree felony);
Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2004) (enhancing second-degree felony
to first-degree felony where defendant has one prior felony conviction); Tex. Pen. Code
Ann. § 12.32 (Vernon 2003) (sentence range for first-degree felony is not less than
five years nor more than ninety-nine years).
Pro Se Brief
         In appellant’s pro se brief, he raises two issues regarding ineffective assistance
of counsel and alleged jurisdictional defects. In both issues, appellant discusses letters
that he had previously submitted to the trial court; however, these documents do not
appear in the clerk’s record prepared for appeal. 
         With regard to ineffective assistance of counsel, appellant specifically alleges
that his trial counsel cooperated with the State to appellant’s detriment, in order to
“save the tax-payers time and money,” that counsel did not accept his collect phone
calls, and that counsel was not handling the case “to the best of his knowledge.” 
Appellant waived any appeal based on ineffective assistance of counsel when he
pleaded guilty to a felony pursuant to an agreed punishment recommendation. See
Escochea, 2004 Tex. App. LEXIS 5366, at *42.  
         In his brief, appellant also argues that his letters to the trial court raise
jurisdictional issues, however, appellant fails to specifically state which matters raise
a question regarding jurisdiction. Appellant fails to provide a factual summary, record
citations, or case law substantiating his argument as to jurisdiction. See Tex. R. App.
P. 38.1. As stated previously, we have independently reviewed the record for
jurisdictional defects, and our review of the record fails to reveal any arguable
jurisdictional issues. 
           We have carefully reviewed the appellate record, counsel’s brief, and
appellant’s pro se brief and have found nothing in the record that might arguably
support the appeal. We agree that the appeal is without merit. See Stafford, 813
S.W.2d at 511.
Representation on Appeal
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App.
1971); see Stafford, 813 S.W.2d at 511 (Tex. Crim. App.1991) (noting that Anders
brief should be filed with request for withdrawal from case). Counsel has not requested
to withdraw from further representation of appellant on appeal. If counsel wishes to file
a motion to withdraw, he must file the motion no later than fifteen days from the date
of this opinion. We order counsel to advise appellant promptly of the disposition of this
case and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (per curiam).
         Accordingly, this appeal is dismissed.
 
 
 Rogelio Valdez
                                                                                      Chief Justice
 Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and filed
this 26th day of August, 2004.