NUMBER 13-03-121-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_________________________________________________________

GILBERT MARTINEZ,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
_________________________________________________________

On appeal from the 105th District Court 
of Nueces County, Texas.
________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         Appellant, Gilbert Martinez, attempts to appeal a conviction for insurance fraud. 
Appellant pleaded guilty pursuant to a plea bargain and was sentenced to two years
of confinement in compliance with that agreement. On February 4, 2003, the trial
court certified that this “is a plea bargain case, and the Defendant has NO right of
appeal.” See Tex. R. App. P. 25.2(a)(2). Subsequently, on March 26, 2003, the trial
court certified that "the defendant has waived the right of appeal." See id. 
         This Court notified appellant's counsel that the trial court's certification showed
no right to appeal and ordered counsel to: (1) review the record; (2) determine whether
appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's
findings as to whether appellant has a right to appeal, or, alternatively, advise this
Court as to the existence of any amended certification.
         Subsequently, counsel filed a “Motion Explaining Appellant’s Right to Appeal.” 
Counsel's response fails to establish either that the certification currently on file with
this Court is incorrect or that appellant otherwise has a right to appeal. Counsel
asserts that appellant’s waiver was coerced or involuntary. 
         A voluntary, intelligent, and knowing waiver of appeal, whether negotiated or
non-negotiated, prevents a defendant from appealing without the consent of the trial
court. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003); Escochea v.
State, 139 S.W.3d 67, 83-84 (Tex. App.–Corpus Christi, 2004, no pet.). Pursuant
to our examination of the record, we find that appellant executed a valid waiver of his
right to appeal. See Escochea, 139 S.W.3d at 83-84. Moreover, the reporter’s record
in this case indicates that the trial court expressly questioned appellant regarding
whether or not he had read and understood his waiver of rights, and appellant replied
in the affirmative. Appellant stated that he freely and voluntarily signed the waiver. 
The trial court expressly denied appellant permission to appeal and certified that he has
no right to appeal, which is consistent with a determination that appellant's written
waiver of the right to appeal is valid. See id. The trial court is in a better position to
determine the validity of appellant's waiver and if there is any arguable merit in his
desire to appeal. Id. We determine that appellant executed a valid waiver of the right
to appeal. 
         Moreover, based on our review of the record, it appears that this is a
plea-bargained case in which the punishment assessed did not exceed the plea
agreement. In such a case, a defendant may appeal only those matters that were
raised by written motion filed and ruled on before trial, or after obtaining the trial
court's permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim.
App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); see Tex. R.
App. P. 25.2(a)(2). The record contains no motions filed and ruled on before trial, and
as stated previously, appellant did not have the trial court’s permission to appeal. 
         The record in this case supports the correctness of the trial court’s certification.
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The Texas Rules of
Appellate Procedure provide that an appeal must be dismissed if the trial court's
certification does not show that the defendant has the right of appeal. Tex. R. App. P.
25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. Accordingly, the State’s motion to
dismiss this appeal is granted and this appeal is dismissed. Any other pending motions
are denied as moot.
 
                                                               PER CURIAM
Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed 
this the 12th day of May, 2005.