NUMBERS 13-06-513-CR

 13-06-514-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CHRISTOPHER GARNER, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 319th District Court of Nueces County, Texas.

 
 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides
 

 By two issues, appellant, Christopher L. Garner, appeals the trial court's adjudication
of guilt. Garner asserts that (1) he was denied due process by lack of notice and (2) the trial
court's revocation of his community supervision and imposition of a thirty-year sentence
were impermissibly "reflexive." We dismiss the appeal. 

I. Factual and Procedural Background

 Pursuant to a plea bargain agreement, on both March 12, 2002 and April 2, 2002,
Garner pled guilty to two separate indictments totaling seven counts of aggravated sexual
assault of a child. Tex. Penal Code § 22.021(1)(b) (Vernon 2003). The trial court combined
the two indictments together and placed Garner on deferred adjudication community
supervision for ten years. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon 2005). 

 On June 5, 2006, the State filed a motion to revoke, alleging Garner violated the
terms of his community supervision by failing to report monthly, failing to pay court costs,
failing to abide by his curfew, failing to progress in his sex offender treatment program, and
having unsupervised contact with children. 

 On August 14, 2006, the trial court held a hearing on the State's motion to revoke. 
Garner pled "true" to the allegation in the State's motion. The trial court adjudicated him
guilty, revoked his community supervision, and sentenced him to thirty years' imprisonment. 

 By two issues, Garner contends that (1) he was denied due process by lack of notice
and (2) the trial court's revocation of his community supervision was impermissibly
"reflexive." The State contends this Court lacks jurisdiction over this appeal because the
statutory limitation imposed by the Texas Code of Criminal Procedure bars our
consideration of Garner's claims. (1) Tex. Code Crim. Proc. art. 42.12, § 5(b) (Vernon 2005). 
We agree with the State.

II. Analysis

 The Texas Code of Criminal Procedure provides that no appeal may be taken from
a trial court's determination to proceed with adjudication of guilt. (2) Id.; Davis v. State, 195
S.W.3d 708, 710 (Tex. Crim. App. 2006); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992). 

 The court of criminal appeals has barred challenges to the adequacy of the State's
notice of violation in cases of deferred adjudication of guilt. See Connolly, 983 S.W.2d 738,
741 (Tex. Crim. App. 1999). The court of criminal appeals has concluded that "[w]ith regard
to deferred adjudication, the Legislature authorized appeal of only two types of orders: (1)
an order granting deferred adjudication, and (2) an order imposing punishment pursuant to
an adjudication of guilt." Davis, 195 S.W.3d at 710. Garner's first issue, therefore, is
dismissed for want of jurisdiction. Id. 

 Although Garner's second issue claims to address the order imposing sentence, by
his argument he actually asserts that the decision to revoke community supervision was
impermissibly "reflexive." He makes no mention in the body of his brief of defects in the
punishment imposed, which is an appealable issue. Id. As noted above, the Texas
Legislature has forbade appeals of a trial court's adjudication of guilt. Tex. Code Crim.
Proc. art. 42.12, § 5(b); Davis, 195 S.W.3d at 710. Garner's second issue is, therefore,
also dismissed for want of jurisdiction. Id. 


III. Conclusion

 We hold the Texas Code of Criminal Procedure prohibits Garner from raising a claim
of error in the adjudication of guilt process. Accordingly, we conclude that we have no
jurisdiction to hear Garner's appeal and dismiss the appeal. (3)


 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 30th day of August, 2007.

1. The pertinent subsection reads as follows:

 

 The defendant is entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may be taken from
this determination. After an adjudication of guilt, all proceedings, including assessment of
punishment, pronouncement of sentence, granting of community supervision, and
defendant's appeal continue as if the adjudication of guilt had not been deferred. 


Tex. Code Crim. Pro. art 42.12 § 5(b) (Vernon 2005) (emphasis added). 
2. This Court has followed the statute as written by the Legislature and as interpreted by the court of criminal
appeals. See Trevino v. State, 174 S.W.3d 925, 927 (Tex. App.-Corpus Christi 2005, pet. ref'd); see also
Escochea v. State, 139 S.W.3d 67, 79 (Tex. App.-Corpus Christi 2004, no pet.). 
3. On June 15, 2007, Governor Rick Perry signed into law Senate Bill 909 passed by the 80th Legislature. Act
of May 29, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Sess. Law Serv. 1308 (Vernon) (to be codified at
Tex. Code Crim. Proc. art. 42.12, § 5(b)). This Act, among other things, strikes the sentence "No appeal may
be taken from this determination" from the current version of Texas Code of Criminal Procedure article 42.12
section 5(b). Henceforth, it appears that appeals will be possible from a revocation of deferred adjudication
community supervision and subsequent adjudication of guilt. Given, however, that Garner's hearing was
conducted on August 14, 2006, this Act provides no recourse for Garner, as the law provides the following:

 

 Subsection (b), section 5, Article 42.12, Code of Criminal Procedure, as amended by this Act,
applies to a hearing conducted under that section on or after the effective date of this Act,
regardless of when the adjudication of guilt was originally deferred or when the offense giving
rise to the grant of deferred adjudication community supervision was committed.


Act of May 29, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Sess. Law Serv. 1308 (Vernon).