

NUMBER 13-13-00327-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NOEL GONZALEZ,**                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                               **Appellee.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Noel Gonzalez, filed a notice of appeal in this Court on June 14, 2013. On June 27, 2013, the trial court certified that appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). On June 28, 2013, this Court notified appellant's prior counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court by letter, counsel's

findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification. We further ordered counsel to file a motion with this Court within thirty days of receipt of the notice, "identifying and explaining substantive reasons why appellant has a right to appeal" if appellant's counsel determined that appellant had the right to appeal. *See* TEX. R. APP. P. 44.3; 44.4. No response was received from appellant's counsel. On September 3, 2013, we abated the appeal and remanded the case to the trial court for a hearing to determine why counsel had failed to comply with this Court's June 28, 2013 order (the "44.3 Order"). On November 7, 2013, appellant's counsel filed "Counsel's Response to Order of the [Thirteenth] Court of Appeals Regarding Abatement" stating that counsel wished to continue representing appellant and that counsel could file a brief within sixty days. Counsel's response does not establish that the trial court's certification currently on file is incorrect or that appellant otherwise has a right to appeal.

Following the abatement, on November 7, 2013, new appellate counsel filed an appearance of counsel for appellant, a response to the abatement order, and a motion for leave to file a supplemental response once the record is complete, specifically the reporter's record of the hearing on the motion for new trial. Again, this response does not establish that the trial court's certification currently on file is incorrect or that appellant otherwise has a right to appeal.

On February 14, 2014, the reporter's record was filed and the cause reinstated. The Court granted appellant's motion for extension of time to comply with the 44.3 Order by filing a supplemental response by March 24, 2014. No response to the Court's 44.3 Order was received. Thus, on April 15, 2014, we abated the case and remanded the

2

case to the trial court for a hearing to determine why counsel has failed to comply with this Court's 44.3 Order.

On June 27, 2014, the trial court held a hearing. Counsel's statements at the hearing do not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal.[1] On September 4, 2014, we reinstated the case and gave counsel thirty days to respond to our 44.3 Order and to explain why the trial court's certification is incorrect, if it is. Counsel requested that we extend the due date until October 13, 2014, and we granted that request. Counsel has not filed a response.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right to appeal. TEX. R. APP. P. 25.2(d); *see id.* R. 37.1, 44.3, 44.4. Moreover, we have reviewed the record and there is nothing showing that the trial court's certification currently on file is incorrect or that appellant otherwise has the right to appeal.[2] *See* TEX. R APP. P. 25.2(a)(2) (providing that a defendant pleading guilty pursuant to a plea agreement has a right to appeal only matters raised by written motion filed and ruled on before trial if the punishment imposed by the trial court does not exceed the punishment recommended by

---

[1] Instead, at the hearing, counsel argued that the record was incomplete; therefore, he could not determine whether appellant had a right to appeal and could not respond to this Court's 44.3 Order. The trial court stated that appellant had no right to appeal because he pleaded guilty pursuant to a plea agreement with the State. However, the trial court granted counsel's request for a complete record.

[2] Pursuant to a plea agreement with the State, appellant pleaded guilty to three counts of aggravated sexual assault of a child. The trial court followed the State's recommendation on punishment and assessed the agreed-upon twelve-year sentence. At the plea hearing, the trial court admonished appellant orally and in writing that he was waiving his right to an appeal by pleading guilty.

Although appellant filed several pretrial motions, the trial court did not rule on any of those motions before appellant pleaded guilty. Also, at a post-trial hearing, the trial court stated that it has not and would not grant appellant permission to appeal this case.

3

the State and agreed upon by the defendant); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Cooper v. State*, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001) (concluding that rule 25.2(b) forbids a plea bargaining defendant from appealing the voluntariness of his plea); *Escochea v. State*, 139 S.W.3d 67, 75 (Tex. App.—Corpus Christi 2004, no pet.) (stating that the appellant "waived any appeal of the voluntariness of his plea [and that he waived any claim of ineffective assistance] when he pleaded guilty to a felony pursuant to an agreed punishment recommendation"). Accordingly, we must DISMISS this appeal.


PER CURIAM


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2015.

4