ACCEPTED
06-14-00216-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 9:42:37 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00216-CR

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 9:42:37 AM
DEBBIE AUTREY
Clerk

PHYLLIS GWEN PRUITT

Appellant

v.

STATE OF TEXAS

Appellee

APPEALED FROM THE 124th JUDICIAL DISTRICT COURT

OF GREGG COUNTY, TEXAS

TRIAL COURT NO. 43975-B

BRIEF OF APPELLANT

KYLE DANSBY

ATTORNEY AT LAW

P.O. BOX 1914

MARSHALL, TX 75671

(903) 738-6162

(888) 410-1583 (FAX)

kdansbylaw@gmail.com

STATE BAR NO: 24059180

1

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................2

INDEX OF AUTHORITIES............................................................................3

IDENTIFICATION OF PARTIES.....................................................................3

STATEMENT OF THE CASE..........................................................................5

ISSUE PRESENTED ....................................................................................5

Appellant's sentence is not grossly disproportional to the crime committed in violation of the Eighth Amendment to the United States Constitution. This is assuming *arguendo* that trial counsel preserved this argument for appeal, as trial counsel did not object to the sentence and did not file a motion for new trial or motion to arrest judgment.

STATEMENT OF FACTS................................................................................5

SUMMARY OF THE ARGUMENT...................................................................6

PRESERVATION OF ERROR.........................................................................7

ARGUMENT...............................................................................................8

PRAYER....................................................................................................9

CERTIFICATE OF COMPLIANCE.................................................................10

CERTIFICATE OF SERVICE........................................................................10

# INDEX OF AUTHORITIES

**CASES:**

*Harmelin v. Michigan,* 501 U.S. 957 (1991)................................................................9

*Solem v. Helm,* 463 U.S. 277, 291-92 (1983)...............................................................9

*McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), cert. denied......................................9

*Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974)...............................................7

*High v. State,* 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)..........................................7

*Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).......................................8

*Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App.-Dallas 2003, no pet)........................7

*Escochea v. State,* 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.)..................8

*Jacoby v. State,* 227 S.W.3d 128, 130 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd)............7

*Mullins v. State,* 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.).......................9

*Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd).................8

*Wilson v. State,* 955 S.W.2d 693 (Tex. App. – Waco 1997, order), disp. on merits, 3 S.W.3d 223

    (Tex. App. – Waco, 1999, pet. ref'd)...............................................................7

*Winchester v. State,* 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd)..................9

**STATUTES:**

TEX. HEALTH & SAFETY CODE ANN. §481.115(a) (West 2013)................................8

TEX. HEALTH & SAFETY CODE ANN. §481.115 (b) (West 2013)..............................8

TEX. PEN. CODE ANN. §12.34(a) (West 2013)...................................................8

TEX. PEN. CODE ANN. §12.35(a) (West 2013)...................................................8

TEX. R. APP. P. 33.1(a)(1)........................................................................7

**IDENTIFICATION OF PARTIES**

Phyllis Gwen Pruitt: Appellant

    Gregg County Jail

101 E. Methvin, Suite 635

Longview, TX 75601

Kyle Dansby: Trial counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com

Kyle Dansby: Appellate counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com

Chris Botto: Assistant District Attorney at open plea & sentencing

Gregg County District Attorney's Office

101 E. Methvin, Suite 333

Longview, TX 75601

chris.botto@co.gregg.tx.us

Zan Brown: Assistant District Attorney on appeal

Gregg County District Attorney's Office

101 E. Methvin, Suite 333

Longview, TX 75601

zan.brown@co.gregg.tx.us

Alfonso Charles: trial judge, 124th District Court, Gregg County, Texas

101 E. Methvin, Suite 447

Longview, TX 75601

Terri.Shepherd@co.gregg.tx.us (court coordinator)

## STATEMENT OF THE CASE

Phyllis Gwen Pruitt (hereinafter referred to as "Appellant") entered an open plea of guilty to two counts of Possession of a Controlled Substance in the 124th District Court on November 24, 2014. C.R. 18 (43975-B);C.R, 8 (44139-B); R.R. Vol. 1, 5. After receiving all exhibits into evidence, and after hearing all the evidence, the trial court sentenced Appellant to 7 years in the penitentiary and 15 months state jail, sentences to run concurrently. R.R. Vol. 1, 41. Appellant filed an appeal of this sentence.

## ISSUE PRESENTED

Appellant's sentence is not grossly disproportional to the crime committed in violation of the Eighth Amendment to the United States Constitution. This is assuming *arguendo* that trial counsel preserved this argument for appeal, as trial counsel did not object to the sentence and did not file a motion for new trial or motion to arrest judgment.

## STATEMENT OF FACTS

Appellant was first indicted for Possession of a Controlled Substance >=1 gram < 4 grams in cause number 43975-B. C.R. 4 (43975-B). The offense was alleged to have occurred on January 20, 2014. *Id.* Appellant was subsequently indicted for Possession of a Controlled Substance less than one gram for an offense alleged to have occurred on June 19, 2014. C.R. 4 (44139-B). Appellant pled guilty to both indictments in an open plea to the trial court on November 27, 2014. R.R. Vol. 1, 5. Appellant testified. She testified she was 56 years old and primarily cleaned houses for a living. R.R. Vol. 1, 14. Appellant testified she had two felony convictions. *Id.* at 14-5. The first felony conviction was in 1994 from the Louisiana; Appellant received and successfully completed probation. *Id.* The second felony conviction was in 2005 from Sarasota

5

County, Florida for the offense of possession with intent to sell; Appellant received probation and that probation was ultimately revoked. *Id.* at 15. Appellant testified that she hoped the trial court would place her on probation with drug rehabilitation as a condition of probation. *Id.* at 20. Appellant testified that her drug use could stem from being molested as a child. *Id.* at 22-3. Appellant stated that she felt probation with drug rehabilitation would better assist her than being sentenced to the penitentiary. *Id.* at 25.

On cross examination, Appellant testified that in the first offense she was caught in a motel room with 3.4-3.5 grams of methamphetamine. *Id.* at 25-6. She further admitted that the drugs were located by police in her bra. *Id.* at 27. She testified that, in both instances, she was in the wrong place at the wrong time. *Id.* at 28. She stated she does not use drugs intravenously. *Id.* at 29. When she was asked why, in one of the cases, her credit card was found near drugs, used syringes, and used spoons, Appellant denied that any of the materials, except her credit card, were hers. *Id.* She later denied purchasing the 3.5 grams of methamphetamine, and testified the drugs were handed to her. *Id.* at 31. Appellant also later denied selling drugs. *Id.* at 32.

The trial court noted that he did not think Appellant was being fully truthful in her testimony. *Id.* at 41. He then sentenced Appellant to 7 years and 15 months state jail, sentences to run concurrently. *Id.*

## SUMMARY OF THE ARGUMENT

Appellate counsel can locate no arguable grounds for appeal, and as a result, files the Anders brief with a corresponding Appellant's Counsel's Motion to Withdraw. A copy of the Brief in Support of Motion to Withdraw and the corresponding motion has been forwarded to Appellant with a letter explaining what has been done. *See* Exhibit A to Appellant's Counsel's Motion to

6

Withdraw. Appellant has been advised she has thirty days to file a pro se response or a motion requesting an extension of time in which to file the response, pursuant to *Wilson v. State*, 955 S.W.2d 693 (Tex. App. – Waco 1997, order), disp. on merits, 3 S.W.3d 223 (Tex. App. – Waco, 1999, pet. ref'd). *See* Appellant's Counsel's Motion to Withdraw.

Appellate counsel has thoroughly read and reviewed the entire appellate record in search of any arguable grounds of error to raise that would support either a reversal of Appellant's sentence or some other form of relief. After reviewing the record and researching the potential grounds for appeal, appellate counsel is unable to find any error for which he, in good faith, can urge a reversal of her sentence or any other relief.

Appellate counsel is aware that he has a duty to advance all arguable grounds of error that would Appellant a reversal of sentence or any other relief. Counsel must demonstrate why there are no arguable grounds to be advanced. *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974). Therefore, counsel presents to the Court the following major issue reviewed:

## PRESERVATION OF ERROR

Trial counsel appears to have waived this issue for appeal. Trial counsel did not object to the sentence when it was pronounced, and trial counsel did not file a motion for new trial or arrest of judgment. Failure to do either of these results in a waiver. See Tex.R.App.P. 33.1(a)(1); *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.-Dallas 2003, no pet).

## ARGUMENT

Appellant's sentence is not grossly disproportional to the crime committed. While the sentences are on the higher end of the punishment range, the sentences do not constitute cruel and unusual punishment under the Eighth Amendment. This assumes *arguendo* that trial counsel properly preserved this issue for appeal, as trial counsel did not object to the sentence nor did he file a motion for new trial or motion to arrest judgment.

As long as the sentence falls within the punishment range of the statute, then courts have long held that the punishment is not grossly disproportional. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.). Appellant pled guilty to two indictments for Possession of a Controlled Substance. The first indictment alleged possession of less than four grams, but more than one gram. C.R. 4 (43975-B). This offense is a third degree felony. TEX. HEALTH & SAFETY CODE ANN. §481.115(c) (West 2013). A third degree felony is punishable by no less than two years and no more than 10 years in a penitentiary. TEX. PEN. CODE ANN. §12.34(a). For this charge, Appellant was sentenced to seven years in the penitentiary. R.R. Vol. 1, 41. The second indictment alleged possession of less than one gram. C.R. 4 (44139-B). This offense is a state jail felony. TEX. HEALTH & SAFETY CODE ANN. §481.115(b) (West 2013). A state jail felony is punishable by no less than 180 days and no more than two years in a state jail facility. TEX. PEN. CODE ANN. §12.35(a). For this charge, Appellant was sentenced to fifteen months in a state jail facility. R.R. Vol. 1, 41. These sentences were ordered to run concurrently. *Id.*

Even though a sentence falls within the statutory punishment range, appellate courts must determine whether the sentence is grossly disproportional under the Appellant's federal

8

constitutional rights. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.). First, courts look at the gravity of the offense compared to the severity of the sentence. *Solem v. Helm*, 463 U.S. 277, 291-92 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied. Appellate courts then consider sentences for similar crimes in the same jurisdiction, and sentences for the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. In light of *Harmelin v. Michigan*, courts do not address the second and third issue unless the initial comparison of the gravity and severity create an inference that the sentence is grossly disproportional. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *McGruder*, 954 F.2d at 316.

The initial comparison does create an inference that the sentence is grossly disproportional. Based on the testimony of Appellant, her criminal history, and the fact that she committed a second felony while out of bond for the first felony, there is no inference that the sentence is grossly disproportional. Since no inference is created, the other two elements are not considered, and no evidence was placed in the record for the Court to review sentences for the same crime in this jurisdiction or any other jurisdiction.

## PRAYER

Wherefore, premises considered, appellate counsel respectfully requests that Appellant's Counsel's Motion to Withdraw as Counsel be granted or for such other and further relief to which Appellant may be entitled.

Respectfully submitted,

Kyle Dansby

Attorney at Law

P.O. 1914

9

Marshall, TX 75671

(903) 738-6162

(888) 410-1583 (fax)

kdansbylaw@gmail.com


/s/ Kyle Dansby

Kyle Dansby

State Bar No: 24059180

Attorney for Appellant


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,562 words according to the computer program used to prepare this document.

/s/ Kyle Dansby

Kyle Dansby


## CERTIFICATE OF SERVICE

A copy of this brief was sent via email to Zan Brown, attorney for Appellee, on the 24th day of February, 2015.

/s/ Kyle Dansby

Kyle Dansby