NO. 06-15-00007-CR

ACCEPTED
06-15-00007-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/12/2015 8:33:16 AM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/12/2015 8:33:16 AM
DEBBIE AUTREY
Clerk

THOMAS LANCE BELONEY

Appellant

v.

STATE OF TEXAS

Appellee

APPEALED FROM THE 71st JUDICIAL DISTRICT COURT

OF HARRISON COUNTY, TEXAS

TRIAL COURT NO. 14-0158x

BRIEF OF APPELLANT

KYLE DANSBY

ATTORNEY AT LAW

P.O. BOX 1914

MARSHALL, TX 75671

(903) 738-6162

(888) 410-1583 (FAX)

kdansbylaw@gmail.com

STATE BAR NO: 24059180

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................2

INDEX OF AUTHORITIES............................................................................3

IDENTIFICATION OF PARTIES....................................................................3

STATEMENT OF THE CASE..........................................................................5

ISSUE PRESENTED    ...................................................................................5

Appellant's sentence is not grossly disproportional to the crime committed in violation of the Eighth Amendment to the United States Constitution. This is assuming *arguendo* that trial counsel preserved this argument for appeal, as trial counsel did not object to the sentence and did not file a motion for new trial or motion to arrest judgment.

STATEMENT OF FACTS.................................................................................5

SUMMARY OF THE ARGUMENT...................................................................7

PRESERVATION OF ERROR..........................................................................8

ARGUMENT....................................................................................................8

PRAYER..........................................................................................................10

CERTIFICATE OF COMPLIANCE................................................................10

CERTIFICATE OF SERVICE..........................................................................10

# INDEX OF AUTHORITIES

**CASES:**

*Harmelin v. Michigan,* 501 U.S. 957 (1991)............................................................9

*Solem v. Helm,* 463 U.S. 277, 291-92 (1983)........................................................9

*McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), cert. denied....................................9

*Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974)...........................................8

*High v. State,* 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)........................................8

*Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)......................................8

*Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App.-Dallas 2003, no pet)..........................8

*Escochea v. State,* 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.)....................8

*Jacoby v. State,* 227 S.W.3d 128, 130 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd)............8

*Mullins v. State,* 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.)........................9

*Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd)................8

*Wilson v. State,* 955 S.W.2d 693 (Tex. App. – Waco 1997, order), disp. on merits, 3 S.W.3d 223 (Tex. App. – Waco, 1999, pet. ref'd).............................................................7

*Winchester v. State,* 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd)..................9

**STATUTES:**

TEX. PEN. CODE ANN §12.33(a) (West 2013)..............................................................9

TEX. PEN. CODE ANN. §49.04 (West 2013)................................................................9

TEX. R. APP. P. 33.1(a)(1)............................................................................8

## IDENTIFICATION OF PARTIES

Thomas Lance Beloney: Appellant

      James Bradshaw State Jail (TDC # 01974276)

      P.O. Box 9000

      Henderson, TX 75653

Kyle Dansby: Trial counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com

Kyle Dansby: Appellate counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com

Shawn Connally: Assistant District Attorney at open plea & sentencing

Harrison County District Attorney's Office

200 W. Houston, Ste. 206

Marshall, TX 75670

shawnc@co.harrison.tx.us

Tim Cariker: Assistant District Attorney on appeal

Harrison County District Attorney's Office

200 W. Houston, Ste. 206

Marshall, TX 75670

timc@co.harrison.tx.us

Brad Morin: trial judge, 71st Judicial District Court, Harrison County, Texas

200 W. Houston, Ste. 219

Marshall, TX 75670

lesliem@co.harrison.tx.us (court coordinator)

## STATEMENT OF THE CASE

Thomas Lance Beloney (hereinafter referred to as "Appellant") entered an open plea of guilty to Driving While Intoxicated (enhanced) in the 71st Judicial District Court on November 25, 2014. C.R. 19; R.R., 11. After receiving all exhibits into evidence, and after hearing all the evidence, the trial court sentenced Appellant to 18 years in the penitentiary. R.R. 105. Appellant filed an appeal of this sentence.

## ISSUE PRESENTED

Appellant's sentence is not grossly disproportional to the crime committed in violation of the Eighth Amendment to the United States Constitution. This is assuming *arguendo* that trial counsel preserved this argument for appeal, as trial counsel did not object to the sentence and did not file a motion for new trial or motion to arrest judgment.

## STATEMENT OF FACTS

Appellant was indicted for Driving While Intoxicated in cause number 14-0158x on May 29, 2014. C.R. 4. This offense was alleged to have occurred on or about March 2, 2014. *Id.* Based upon enhancement paragraphs, the felony DWI was enhanced to a second degree punishment range. *Id.* at 20.

At the open plea hearing, the State introduced certified judgments and sentences of Appellant's convictions for driving while intoxicated and vehicular manslaughter. R.R., 12. The State then called Donna Bell to testify. *Id.* She testified she was the mother of Michael Bell, who was the victim in Appellant's conviction for vehicular manslaughter. *Id.* at 14-6. On cross examination Donna Bell testified that Appellant and her son were friends in high school. *Id.* at 21. She also

5

testified she was unaware that Louisiana did not send Appellant to inpatient rehabilitation, even though it was part of his sentence for vehicular manslaughter. *Id.* 24-5.

The State next called Melissa Bell, who was the sister of Michael Bell. *Id.* at 26. She testified that she was familiar with Appellant, and that her brother considered Appellant to be his best friend. *Id.* at 27-8. She testified that most of the time she was with Appellant and her brother, that both Appellant and her brother would drink. *Id.* at 28.

After the State rested, Appellant's mother, Jessica Beloney, testified. *Id.* at 39. She testified that she considered her son an alcoholic. *Id.* at 41. After his first DWI, Appellant's parents took him to a counselor in Tyler, Texas for about six months. *Id.* at 43. After his second DWI, Appellant's parents took him to Alcoholics Anonymous meetings for a couple of months. *Id.* at 45. Ms. Beloney testified Appellant was never allowed to drink in their home, and he was never allowed to drink and drive. *Id.* at 45. She testified that causing his best friend's death devastated her son, but that he continued to drink. *Id.* at 47. She was surprised when Appellant was paroled from Louisiana without inpatient rehabilitation. *Id.* at 48-9. She asked the trial court to grant her son probation so he could be sentenced to inpatient rehabilitation. *Id.* at 52.

On cross examination, Ms. Beloney testified she had looked at an outpatient rehabilitation for Appellant, but it cost approximately $3,500 and that was unaffordable. *Id.* at 63-4. On a question from the trial court, Ms. Beloney stated that Appellant did want help; Appellant told her he was "tired of being dependent on alcohol, that he wants to change his life." *Id.* at 67.

Appellant testified on his own behalf. *Id.* at 80. Appellant testified he was supposed to be sent to inpatient rehabilitation as a condition of his penitentiary sentence for vehicular manslaughter, but that he was paroled after spending a year in prison. *Id.* at 82. He testified that he was facing

parole revocations in both Texas and Louisiana because of this new felony DWI conviction. *Id.* at 83. Appellant admitted he is an alcoholic. *Id.* at 84. He admitted he had not made efforts except for trying a facility for a couple of days. *Id.* at 85. Appellant testified he "absolutely" wants to be sentenced to SAFPF. *Id.* at 86-7.

After hearing all the testimony and evidence, the trial court sentenced Appellant to 18 years, with the finding that drugs and alcohol were contributing factors. *Id.* at 106. The trial court noted that he had not seen Appellant make any efforts to seek help for his alcoholism. *Id.* at 105.

## SUMMARY OF THE ARGUMENT

Appellate counsel can locate no arguable grounds for appeal, and as a result, files the Anders brief with a corresponding Appellant's Counsel's Motion to Withdraw. A copy of the Brief in Support of Motion to Withdraw and the corresponding motion has been forwarded to Appellant with a letter explaining what has been done. *See* Exhibit A to Appellant's Counsel's Motion to Withdraw. Appellant has been advised he has thirty days to file a pro se response or a motion requesting an extension of time in which to file the response, pursuant to *Wilson v. State*, 955 S.W.2d 693 (Tex. App. – Waco 1997, order), disp. on merits, 3 S.W.3d 223 (Tex. App. – Waco, 1999, pet. ref'd). *See* Appellant's Counsel's Motion to Withdraw.

Appellate counsel has thoroughly read and reviewed the entire appellate record in search of any arguable grounds of error to raise that would support either a reversal of Appellant's sentence or some other form of relief. After reviewing the record and researching the potential grounds for appeal, appellate counsel is unable to find any error for which he, in good faith, can urge a reversal of Appellant's sentence or any other relief.

Appellate counsel is aware that he has a duty to advance all arguable grounds of error that would Appellant a reversal of sentence or any other relief. Counsel must demonstrate why there are no arguable grounds to be advanced. *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974). Therefore, counsel presents to the Court the following major issue reviewed:

## PRESERVATION OF ERROR

Trial counsel appears to have waived this issue for appeal. Trial counsel did not object to the sentence when it was pronounced, and trial counsel did not file a motion for new trial or arrest of judgment. Failure to do either of these results in a waiver. See Tex.R.App.P. 33.1(a)(1); *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.-Dallas 2003, no pet).

## ARGUMENT

Appellant's sentence is not grossly disproportional to the crime committed. While the sentence is on the higher end of the punishment range, the sentences do not constitute cruel and unusual punishment under the Eighth Amendment. This assumes *arguendo* that trial counsel properly preserved this issue for appeal, as trial counsel did not object to the sentence nor did he file a motion for new trial or motion to arrest judgment.

As long as the sentence falls within the punishment range of the statute, then courts have long held that the punishment is not grossly disproportional. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.). Appellant pled guilty to DWI. C.R. 19. This offense is a third degree felony, except it

was enhanced due to previous convictions TEX. PEN., CODE §49.04 (West 2013). A second degree felony is punishable by no less than two years and no more than 20 years in a penitentiary. TEX. PEN. CODE ANN. §12.33(a).

Even though a sentence falls within the statutory punishment range, appellate courts must determine whether the sentence is grossly disproportional under the Appellant's federal constitutional rights. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.). First, courts look at the gravity of the offense compared to the severity of the sentence. *Solem v. Helm*, 463 U.S. 277, 291-92 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied. Appellate courts then consider sentences for similar crimes in the same jurisdiction, and sentences for the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. In light of *Harmelin v. Michigan*, courts do not address the second and third issue unless the initial comparison of the gravity and severity create an inference that the sentence is grossly disproportional. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *McGruder*, 954 F.2d at 316.

The initial comparison does create an inference that the sentence is grossly disproportional. Based on the testimony of Appellant, his criminal history, and the fact that he committed another DWI after being released for vehicular manslaughter, there is no inference that the sentence is grossly disproportional. Since no inference is created, the other two elements are not considered, and no evidence was placed in the record for the Court to review sentences for the same crime in this jurisdiction or any other jurisdiction.

## PRAYER

Wherefore, premises considered, appellate counsel respectfully requests that Appellant's Counsel's Motion to Withdraw as Counsel be granted or for such other and further relief to which Appellant may be entitled.

Respectfully submitted,

Kyle Dansby

Attorney at Law

P.O. 1914

Marshall, TX 75671

(903) 738-6162

(888) 410-1583 (fax)

kdansbylaw@gmail.com

/s/ Kyle Dansby

Kyle Dansby

State Bar No: 24059180

Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,603 words according to the computer program used to prepare this document.

/s/ Kyle Dansby

Kyle Dansby

## CERTIFICATE OF SERVICE

A copy of this brief was sent via email to Tim Cariker, attorney for Appellee, on the 11th day of March, 2015.

/s/ Kyle Dansby

Kyle Dansby