

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00445-CR
### NO. 02-14-00446-CR
### NO. 02-14-00447-CR

MICHAEL RAYNARD SPEACE JR.                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1368270D, 1350042D, 1350041D

----------

## MEMORANDUM OPINION[1]

----------

The trial court placed Appellant Michael Raynard Speace Jr. on deferred adjudication community supervision for three offenses. After finding Appellant had violated the terms and conditions of his community supervision, the trial court adjudicated Appellant guilty of all three offenses and sentenced him to two

---

[1]*See* Tex. R. App. P. 47.4.

years' imprisonment in a state jail facility for each of the two state jail felonies and eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the second degree felony offense. Asserting the trial court erred by finding he violated the terms and conditions of his community supervision, Appellant appeals the trial court's judgments. We affirm.

**Background**

On February 4, 2014, the trial court placed Appellant on deferred adjudication for five years in cause number 02-14-00446-CR (trial court cause number 1350042D) for the offense of theft of a firearm and in cause number 02-14-00447-CR (trial court cause number 1350041D) for the offense of burglary of a habitation. Several months later, on July 28, 2014, the trial court placed Appellant on deferred adjudication for five years in cause number 02-14-00445-CR (trial court cause number 1368270D) for the offense of debit card abuse.

Approximately one month later, on August 29, 2014, the State filed a petition to proceed to adjudication in all three cases. In each of the three petitions, the State alleged Appellant violated the same four terms and conditions of his community supervision by (1) committing a new offense on June 12, 2014; (2) using marijuana on February 12, 2014; (3) not permitting a supervision officer to visit him during a scheduled home visit on or about February 13, 2014; and (4) failing to complete the total number of hours of community service as ordered by the court at the rate of no less than ten hours per month. The first three allegations involved dates (June and February 2014) that preceded Appellant's

2

placement on community supervision (July 2014) in the third case—the debit-card-abuse case.

At the hearing on the State's petitions, Appellant pled not true to the first allegation, that is, he denied committing a new offense on June 12, 2014. Appellant pled true to using marijuana on February 12, 2014—the second allegation. Appellant pled not true to the allegation that he did not permit the supervision officer to visit him on February 13, 2014, which was the third allegation. Finally, Appellant pled true to the fourth allegation—that he had not completed his community service.

In the burglary-of-a-habitation case and in the theft-of-a-firearm case, the trial court found all four allegations true. All the allegations occurred after Appellant was placed on community supervision on February 4, 2014. In the debit-card-abuse case, the trial court found the allegation that Appellant committed a new offense not true "because the dates [were] wrong" but found the other three allegations true. The trial court then found Appellant guilty of all three offenses.

## Appellant's Complaints

In his first point, Appellant asserts the evidence was insufficient to support the allegation that he committed a new offense. This argument would apply only to the theft-of-a-firearm and the burglary-of-a-habitation cases because the trial court found the allegation not true in the debit-card-abuse case. In his second point, Appellant maintains the second and third allegations predate his placement

on community supervision and are, therefore, improper bases for his revocation. This argument would apply only to the debit-card-abuse case because that is the only case in which the dates in the allegations predate Appellant's placement on community supervision. Finally, in his third point, Appellant argues that the evidence is legally insufficient to find true the allegation that he did not complete his community service. This argument applies to all three cases.

**Discussion**

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).[2] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of

---

[2]To the extent we rely on cases involving regular community supervision, regular and deferred adjudication community supervision cases proceed in the same way. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 5(b), 21, 23 (West Supp. 2014); *Escochea v. State*, 139 S.W.3d 67, 77 (Tex. App.—Corpus Christi 2004, no pet.).

4

proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A single violation of a condition of community supervision is sufficient to support revocation. *Sanchez*, 603 S.W.2d at 871; *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd); *see also Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Consequently, when there is one sufficient ground, we do not need to address the other contentions. *See Sanchez*, 603 S.W.2d at 871; *Long v. State*, No. 02-12-00090-CR, 2013 WL 1337975, at *2 n.7 (Tex. App.—Fort Worth Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication).

We focus on the fourth allegation as it is dispositive of all three of Appellant's appeals. Appellant pled true to the fourth allegation. A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole*, 578 S.W.2d at 128. Appellant testified and acknowledged the allegation regarding the community service was true, but he maintained that his supervisor, Keely Williams, told him he did not have to start his community service until after he finished his weekends in jail. Williams did not testify to corroborate Appellant's explanation. Mary Jo Gutierrez, the senior probation officer assigned

5

to the trial court, testified that Appellant did not perform any community services. A finder of fact is not required to believe a witness, even when that witness's testimony is uncontradicted. *See Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). We hold the trial court was within its discretion to rely on Appellant's plea of true, to rely on Gutierrez's testimony that Appellant had not performed any community services, and to disbelieve Appellant's testimony that some other probation officer, who did not testify, had excused his compliance. *See Cardona*, 665 S.W.2d at 493 (holding that the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony and that appellate courts review the evidence in the light most favorable to the trial court's ruling). Because a single violation of community supervision is sufficient to support revocation, and because the trial court found the fourth allegation true in all three cases, we need not address Appellant's other contentions. *See Sanchez*, 603 S.W.2d at 871. We overrule Appellant's third point on its merits and do not reach his first and second points. *See* Tex. R. App. P. 47.1.

6

## Conclusion

Having overruled Appellant's third point and determined it was dispositive of his appeals, we affirm the trial court's three judgments.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 23, 2015