ACCEPTED
06-15-00101-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/9/2015 3:43:29 PM
DEBBIE AUTREY
CLERK

NOs. 06-15-00101-CR, 06-15-00102-CR, 06-00103-CR

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/9/2015 3:43:29 PM
DEBBIE AUTREY
Clerk

JEREMY JERMAINE HODGE

Appellant

v.

STATE OF TEXAS

Appellee

APPEALED FROM THE COUNTY COURT AT LAW

OF PANOLA COUNTY, TEXAS

TRIAL COURT NOs. 2012-C-0096, 2012-C-0097, 2012-C-0098

BRIEF OF APPELLANT

KYLE DANSBY

ATTORNEY AT LAW

P.O. BOX 1914

MARSHALL, TX 75671

(903) 738-6162

(888) 410-1583 (FAX)

kdansbylaw@gmail.com

STATE BAR NO: 24059180

1

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS................................................................2

INDEX OF AUTHORITIES..........................................................3

IDENTIFICATION OF PARTIES..................................................3

STATEMENT OF THE CASE.......................................................5

STATEMENT OF FACTS............................................................5

ISSUE PRESENTED ...............................................................9

Appellant's sentence of twenty four months is grossly disproportional to the probation violations. Appellant was found to have violated two terms of probation: one positive drug test and four times over a thirty month period Appellant did not report. In light of all the factors, the Court should reverse Appellant's sentence and remand for a new sentencing hearing.

SUMMARY OF THE ARGUMENT...............................................9

PRESERVATION OF ERROR......................................................10

ARGUMENT.............................................................................11

PRAYER...................................................................................15

CERTIFICATE OF COMPLIANCE..............................................16

CERTIFICATE OF SERVICE......................................................16

# INDEX OF AUTHORITIES

**CASES:**

*Harmelin v. Michigan*, 501 U.S. 957 (1991)...........................................12

*Solem v. Helm*, 463 U.S. 277, 291-92 1983).........................................11

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied.....................11

*Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).......................11

*Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.)...................11

*McCollum v. State*, 627 S.W.2d 702 (Tex.App.-Houston [14th Dist] 1990). ........................11

*Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.)........................11

*Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ef'd)................11

*Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd)................11

**STATUTES:**

TEX. PEN. CODE ANN §12.35(a) (West 2013)........................................................11

TEX. PEN. CODE ANN. §30.02(c)(1) (West 2013)....................................................11

TEX. PEN. CODE ANN. §32.31(d) (West 2013)......................................................11

TEX. R. APP. P. 21.4(a).............................................................................10

TEX. R. APP. P. 21.6..................................................................................10

TEX. R. APP. P. 21.8(a)..............................................................................10

TEX. R. APP. P. 26.2(a)(2)..........................................................................10

## IDENTIFICATION OF PARTIES

Jeremy Jermaine Hodge: Appellant

James Bradshaw State Jail (TDC # 01983431)

P.O. Box 9000

Henderson, TX 75653


Kyle Dansby: Trial counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com


Kyle Dansby: Appellate counsel for Appellant

P.O. Box 1914

Marshall, TX 75671

kdansbylaw@gmail.com


Danny Buck Davidson: Panola County District Attorney represented State in Appellant's hearings

Panola County District Attorney's Office

108 S. Sycamore, Room 301

Carthage, TX 75633

danny.davidson@co.panola.tx.us


Tim Cariker: Assistant District Attorney on appeal

Panola County District Attorney's Office

108 S. Sycamore, Room 301

Carthage, TX 75633

tim.cariker@co.panola.tx.us


Terry Bailey: trial judge, County Court at Law, Panola County, Texas

108 S. Sycamore, Room 300

Carthage, TX 75633

erin.johnson@co.panola.tx.us (court coordinator)

## STATEMENT OF THE CASE

Jeremy Jermaine Hodge (hereinafter referred to as "Appellant") was sentenced to two years in state jail, probated for 4 years, on June 27, 2012 in cause numbers 2012-C-0096 (Burglary of a Building), 2012-C-0097 (Credit card/ debit card abuse), and 2012-C-0098 (Credit card abuse). C.R. 14. On January 11, 2015, the Panola County District Attorney's Office filed a Motion to Revoke Community Supervision in 2012-C-0096. C.R. 20 (-0096). Motions to Revoke were filed in the other two cause numbers on January 27, 2015. C.R. 17.

On February 23, 2015, Appellant entered pleas of "not true" to the probation allegations. R.R. Vol. 2, 7. Appellant's probation revocation hearing began on February 23, 2015 and concluded on March 4, 2015. R.R. Vol. 5, 2-3. The trial court found Appellant violated conditions two and three in all three cases. R.R. Vol. 3, 46. The court then sentenced Appellant to twenty four months in a state jail facility, sentences to run concurrently. *Id.*

On May 13, 2015, Appellant had a hearing on a Motion for New Trial and Motion in Arrest of Judgment. R.R. Vol. 4, 5. After admitting evidence and hearing arguments, the trial court denied the motion. *Id.* at 24. Appellant then filed an appeal of this sentence. C.R. 34.

## STATEMENT OF FACTS

Appellant was convicted of one count of Burglary of a Building, and two counts of Credit card/ debit card abuse, on June 27, 2012. C.R. 14. Appellant was sentenced to serve two years in a state jail facility, and that sentence was probated for four years. *Id.* On January 11, 2015, the Panola County District Attorney's Office filed a Motion to Revoke Community Supervision. *Id.* at 20. The motion alleged Appellant violated four conditions of probation: committing a new

offense, testing positive for drugs or alcohol, failing to report, and failing to complete community service. *Id.* at 21.

At the probation revocation hearing, the State first called Longview Police Department Officer Stedmon Coleman. R.R. Vol. 2, 8. He testified that he was a certified peace officer, and had been employed with the Longview Police Department about eighteen months. *Id.* at 9. Officer Coleman testified he conducted a traffic stop on Appellant on January 4, 2015. *Id.* at 13. The officer testified the reason for the stop was that Appellant was driving 52 mph in a 40 mph zone. *Id.* During Appellant's counsel's voir dire, Officer Coleman testified that his probable cause affidavit did not state the posted speed limit and the speed Appellant was alleged to be driving. *Id.* at 17; R.R. Vol. 5, Defendant's exhibit #1 (February 23). An objection to the admissibility of any evidence related to the stop was denied. R.R. Vol. 2, 17-8. The officer then testified that, after Appellant gave him consent to search the vehicle, he located, in "plain view," several pills in the trunk of the vehicle. *Id.* at 12.

On cross examination, Officer Coleman testifies that he does not mention in his video, or note in the probable cause affidavit or offense report the speed Appellant was driving. *Id.* at 22. The officer further testifies he did not attach website information about the suspected drugs to his offense report, and he did not send the pills off to be tested. *Id.* at 25-6. Officer Coleman also testifies that Appellant never threatened him during the traffic stop, and that the officer was not in fear during the stop. *Id.* at 26-7.

The State's next witness was Tony Brown, Appellant's probation officer. R.R. Vol. 3, 7-8. The State first introduced a positive urine screen from December 29, 2014. *Id.* at 12. R.R. Vol. 5, State's exhibit #2. Mr. Brown then testified that Appellant had failed to report in February and

October, 2013, and September and November, 2014. R.R. Vol. 3, 14. Mr. Brown further testified that Appellant was delinquent 54.75 hours of community service. *Id.* at 15.

Mr. Brown next testified about a Facebook post from Appellant. Mr. Brown testified he was contacted by a District Attorney investigator about the Facebook post while Appellant was having a monthly probation meeting. *Id.* Mr. Brown testified Appellant admitted he had posted the comments to the *Panola Watchman* Facebook page. *Id.* At this point in the testimony, Appellant's counsel objected to the line of questioning. *Id.* at 15-6. The objection was overruled. *Id.* at 16. The State then offered as State's exhibit 3 a copy of the Facebook post. *Id.* at 17; R.R. Vol. 5, State's exhibit #3. Appellant's counsel objected that State's exhibit 3 was not the complete post. R.R. Vol. 3, 18. The trial court sustained the objection. *Id.* The State then offered as State's exhibit 4 the complete Facebook post. *Id.* Appellant's counsel objected on the grounds that the exhibit was not listed as a violation of probation or a new offense, and was prejudicial due to the nature of the comment. *Id.* at 15-8. The trial court overruled the objection and admitted State's exhibit 4. *Id.* at 19; R.R. Vol. 5, State's exhibit #4..

On cross examination, Mr. Brown testified that he was only informed of one comment Appellant made on the Facebook post. R.R. Vol. 3, 20. The comment Mr. Brown was not aware of stated in part that Appellant was "against all criminal acts." *Id.*; R.R. Vol. 5, State's exhibit #4. Mr. Brown also testified he did not sanction Appellant for any statements made on Facebook. R.R. Vol. 3, 21. Mr. Brown also did not give any consideration to the Facebook post when he was deciding to file a motion to revoke probation. *Id.* at 22.

Mr. Brown testified that Appellant never contacted him in February and October 2013. *Id.* at 24-5. He testified that Appellant never contacted him in September and November 2014. *Id.* at 26.

Mr. Brown also testified that Appellant was referred to Narcotics Anonymous (NA) meetings once a week after his positive drug test in December 2014. *Id.* at 28.

After hearing arguments, the trial court sentenced Appellant to twenty four months in a state jail facility, sentences to run concurrently. *Id.* at 48. The trial court "disregard[ed]" allegation number 1. *Id.* The court would not consider the allegation as a violation due to the fact Appellant had not been convicted of the allegation. *Id.* at 49. The court did find that Appellant violated his probation by having a positive drug test in December 2014. *Id.* The trial court also found that Appellant failed to report February and October, 2013, and September and November 2014. *Id.*; C.R. 42.

Appellant had a Motion for New Trial and Motion in Arrest of Judgment hearing on May 13, 2015. At that hearing, Appellant's counsel offered Defendant's exhibits 1-11. R.R. Vol. 5, Defendant's exhibits #1-12 (May 13). Defendant's exhibits one through eleven were certified judgment and sentences of eleven different defendants. R.R. Vol. 4, 5-6. These eleven defendants all had their state jail felony probations revoked in Panola County within the last twelve months of Appellant's hearing. *Id.* All eleven defendants received less than Appellant's sentence of twenty four months state jail. *Id.* The trial court admitted the eleven exhibits. *Id.* at 6. Appellant's counsel also offered into evidence a criminal case disposition report. *Id.* The disposition report listed all state jail felony revocations in Panola County within the last twelve months. *Id.* After a lengthy discussion, and after the trial court heard arguments, the State withdrew their objection to the admission of the criminal case disposition report, and it was admitted into evidence as Defendant's exhibit 12. *Id.* at 27; R.R. Vol. 5, Defendant's exhibit #12.

After admitting Defendant's exhibits, and after hearing arguments, the trial court denied Appellant's motion. R.R. Vol. 4, 24; C.R. 39. Appellant then filed his notice of appeal. C.R. 34.

## ISSUE PRESENTED

Appellant's sentence of twenty four months is grossly disproportional to the probation violations. Appellant was found to have violated two terms of probation: one positive drug test and four times over a thirty month period Appellant did not report. In light of all the factors, the Court should reverse Appellant's sentence and remand for a new sentencing hearing.

## SUMMARY OF THE ARGUMENT

Appellant's sentence is grossly disproportional to the technical violations of probation. On the record, the trial court found Appellant had violated two terms of probation. R.R. Vol. 3, 49. The trial court did not mention any other violations of probation, or evidence he considered at the revocation hearing. *Id.*; C.R. 42. Counsel must therefore assume that the trial court only revoked and sentenced Appellant based on the evidence presented related to violations of conditions two and three (drug testing and failing to report).

Looking at the first factor in determining gross disproportionality, that factor weighs in favor of Appellant. The evidence presented showed Appellant failed one drug test over a thirty month period. R.R. Vol. 3, 12; R.R. Vol. 5, State's exhibit #2. The evidence also showed that over a thirty month period, Appellant failed to report four months. R.R. Vol. 3, 14. Since the trial court only considered evidence of two technical violations, the sentence is grossly disproportional. According to the motion to revoke filed, Appellant reported each month after he had failed to

report. C.R. 21. The gravity of the offense is minimal, compared to the severity of the sentence. The first factor is met.

The second factor weighs in favor of Appellant. Defendant's exhibits 1-12 show that a majority of defendants in Panola County received eighteen months state jail for probation revocations. R.R. Vol. 5, Defendant's exhibits #1-12 (May 13). While some of the higher sentences were for burglary, Appellant only had one burglary conviction. His other two probations were for credit card or debit card abuse, which is a financial crime. Other defendants were revoked for financial crimes and received eighteen months. *Id.* In fact, those who committed financial crimes had the most cause numbers, and those defendants received eighteen months state jail. *Id.* The second factor weighs in favor of Appellant. Many of these defendants had violated more and more serious conditions of probation than Appellant. *Id.*

The third factor weighs in favor of Appellee. There was no evidence introduced related to sentences for similar offenses in other jurisdictions.

Weighing the three factors, the Court should reverse the sentence of the trial court and remand Appellant's case for a new revocation sentencing hearing.

## PRESERVATION OF ERROR

Appellant has preserved error. Trial counsel filed a Motion for New Trial and Motion in Arrest of Judgment. C.R. 28. This motion was filed within thirty days after Appellant's sentence was pronounced in open court. Tex.R.App.P. 21.4(a). A hearing occurred within 75 days from the date the trial court imposed the sentence in open court. Tex.R.App.P. 21.6. The trial court ruled on the motion within 75 days of imposing sentence in open court. Tex.R.App.P. 21.8(a). Trial

counsel then filed a Notice of Appeal within 90 days after the trial court imposed sentence in open court. Tex.R.App.P. 26.2(a)(2). Appellant properly preserved error.

## ARGUMENT

Appellant concedes that the trial court properly found two violations of probation. Appellant is objecting and appealing his twenty four state jail felony sentence for these two technical probation violations. Appellant is further aware that the trial court can revoke a probation based on a single violation of probation. *See McCollum v. State*, 627 S.W.2d 702 (Tex.App.-Houston [14th Dist] 1990). Appellant's issue is that the sentence imposed is grossly disproportional to the two technical violations of probation.

As long as the sentence falls within the punishment range of the statute, then courts have long held that the punishment is not grossly disproportional. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.). Appellant was placed on probation for three state jail felony cases. One was a Burglary of a Building. TEX. PEN. CODE ANN. §30.02(c)(1) (West 2013). The other two cases were for Credit card/ debit card abuse. TEX. PEN. CODE ANN. §32.31(d) (West 2013). State jail felonies are punishable by confinement of not more than two years and no less than 180 days. TEX. PEN. CODE ANN. §12.35(a). Appellant's sentence falls within the range of punishment.

Even though a sentence falls within the statutory punishment range, appellate courts must determine whether the sentence is grossly disproportional under the Appellant's federal constitutional rights. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.). First, courts

11

look at the gravity of the offense compared to the severity of the sentence. *Solem v. Helm*, 463 U.S. 277, 291-92 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied. Appellate courts then consider sentences for similar crimes in the same jurisdiction, and sentences for the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. In light of *Harmelin v. Michigan*, courts do not address the second and third issue unless the initial comparison of the gravity and severity create an inference that the sentence is grossly disproportional. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *McGruder*, 954 F.2d at 316.

The first factor weighs in favor of Appellant. After hearing all the testimony and reviewing all the exhibits admitted into evidence, the trial court only found evidence to show that Appellant violated two technical terms of probation: failing one drug test and not reporting four times in a thirty month time span. R.R. Vol. 3, 49; C.R. 42. The trial court did not consider the allegations related to a new offense, nor did the trial court consider evidence related to a Facebook post. The State was only able to prove that Appellant violated two technical conditions of probation. Counsel admits that not reporting to probation is considered a more serious violation of probation than others; however, the State's own Motion to Revoke shows that Appellant reported the month after he had not reported the month previous. C.R. 21. Considering the violations that Appellant was sentenced for, these violations are: 1) technical in nature; and 2) showed Appellant was making good faith efforts to complete his probation. The trial court sentenced Appellant to the maximum sentence for two technical violations. The gravity of the violations were minor. The severity of the sentence is the most severe. The first factor weighs in favor of Appellant.

Because the comparison creates an inference that the sentence is grossly disproportional, the Court can now consider the other two factors. Appellant concedes that the third factor weighs

12

against Appellant. Trial counsel did not introduce any evidence related to sentences for similar crimes in other jurisdictions, outside of a sworn statement in the Motion for New Trial and Motion in Arrest of Judgment that other jurisdictions have sentenced similar defendants to less state jail time than the maximum. C.R. 28-9.

The second factor weighs in favor of Appellant. Defendant's exhibits 1-12 show that, within the most recent twelve month period, a majority of defendants in Panola County received eighteen months state jail for probation revocations. R.R. Vol. 5, Defendant's exhibits #1-12 (May 13). Besides Appellant, four other defendants had burglary of building probations revoked. *Id.*. Two of those defendants received eighteen months state jail; the other two received twenty four months state jail. *Id.* One other defendant was revoked on a credit abuse probation; he received twenty one months state jail. *Id.*

The majority of state jail probations revoked were for financial crimes, like theft and forgery. *Id.* Two defendants had the most cases of forgery, and both of them received eighteen months state jail. *Id.* One of those defendants had thirty four cases of forgery, and the other defendant had fourteen cases of forgery. *Id.* It is important to note that all defendants in Defendant's exhibits 1-11 were sentenced to twenty four months state jail when they were placed on probation. R.R. Vol. 5, Defendant's exhibits #1-11 (May 13). At Appellant's Motion for New Trial hearing, the trial court noted: "[t]hat's what he agreed to." R.R. Vol. 4, 13. The trial court said that when talking about why Appellant should be sentenced to the maximum. *Id.* All the other defendants in Defendant's exhibits 1-11 also agreed to the maximum, yet they received less than the maximum when their probations were revoked. Two other defendants received less than the maximum for burglary of building probation revocations. Another defendant received less than the maximum for credit card abuse probation revocations. Many of these defendants committed

13

more and more serious violations than Appellant. R.R. Vol. 5, Defendant's exhibits #1-11 (May 13). The Court cannot consider whether all these probation revocations were plea agreements or contested hearings. The second factor weighs in favor of Appellant.

The sentence Appellant received is grossly disproportional to the probation violations committed. The trial court revoked Appellant's probation based on two technical violations. As the trial court noted, it "depends on the facts and circumstances" of the violations when the trial court is determining sentencing. *Id.* at 11. Those facts and circumstances show that Appellant had one positive drug test, and did not report four times. These violations occurred over a thirty month span. A Motion to Revoke was not filed until Appellant was arrested for a new offense. The trial court refused to consider those allegations proven to be "true," and also did not consider evidence related to a Facebook post. Because the trial court only found those two violations to be true, that was the only evidence the trial court considered. The facts show those violations to be minor. The facts further show that Appellant had completed the vast majority of his probation. Appellant had already been sanctioned for the positive drug test, and his probation officer did not attempt to revoke him off probation due to not reporting.

Because these violations are technical and minor, the maximum sentence appears to be grossly disproportional. Looking at the other two factors, the evidence shows that a majority of state jail felony revocations in Panola County received eighteen months state jail. Many of those defendants committed forgery or other financial crimes. The other defendant that committed credit card abuse received twenty one months, still less than Appellant. Two other defendants that committed burglary of a building received eighteen months, less than Appellant.

Two of the three factors weigh in favor of Appellant. Due to the nature of Appellant's probation violations, and the evidence of similar crimes in the same jurisdiction, Appellant's sentence is

grossly disproportional to his probation violations. The Court should reverse his sentence and remand Appellant's cases for new sentencing hearings.

## PRAYER

Wherefore, premises considered, Appellant's counsel prays this Court reverse Appellant's sentence of twenty four months state jail and remand Appellant's cases for new sentencing hearings.

Respectfully submitted,

Kyle Dansby

Attorney at Law

P.O. 1914

Marshall, TX 75671

(903) 738-6162

(888) 410-1583 (fax)

kdansbylaw@gmail.com


/s/ Kyle Dansby

Kyle Dansby

State Bar No: 24059180

Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 3,134 words according to the computer program used to prepare this document.

/s/ Kyle Dansby

Kyle Dansby

## CERTIFICATE OF SERVICE

A copy of this brief was sent via email to Tim Cariker, attorney for Appellee, on the 9th day of September, 2015.

/s/ Kyle Dansby

Kyle Dansby